Joseph J. Valletta and Jean B. Valletta v. Commissioner. Joseph J. Valletta v. Commissioner.
Valletta v. Commissioner
Docket Nos. 3623-69 and 3624-69.
United States Tax Court
T.C. Memo 1970-232; 1970 Tax Ct. Memo LEXIS 126; 29 T.C.M. (CCH) 997; T.C.M. (RIA) 70232; August 13, 1970, Filed Joseph B. Alala, Jr., and Richard L. Voorhees, 192 South St., Gastonia, N.C., for the petitioners. Steve C. Horowitz, for the respondent. IRWIN
Memorandum Opinion IRWIN, Judge: On April 7, 1969, respondent mailed notices of deficiency to *127 the petitioners herein in the following amounts: 998 Petitioner
Year
Deficiency
Additions to Tax(6653(b))
Joseph J. Valletta
1962
$4,102.36
$2,051.18
Joseph J. AND Jean B. Valletta
1963
4,981.87
2,490.94
1964
4,980.29
2,490.15
Petitions in response to respondent's notices of deficiency herein were received and filed by this Court in Washington, D.C., on July 14, 1969, the 98th day after respondent's notices of deficiency were mailed. The envelope in which the petitions were mailed by regular mail from Gastonia, N.C., bore a postmark made by a private postage meter. The postmark date was July 6, 1969 - the 90th day following the transmission of the notices of deficiency. The ordinary time for the delivery of regular mail from Gastonia, N.C., to Washington, D.C., is two days. On August 12, 1969, respondent filed a motion to dismiss the petitions herein for lack of jurisdiction on the ground that the petitions were not filed within 90 days after the mailing of the deficiency notices. See section 6213 of the Code. [1] Petitioners' reply to respondent's motion set forth, in pertinent part, the following arguments (developed on brief) in opposition *128 to dismissal: 2. It is admitted that the usual time for delivery of "regular" mail from Gastonia, North Carolina, to Washington, D.C. by the United States Post Office Department is two days. The requirement that the petition be mailed in a duly stamped and addressed envelope on or before the last day of the prescribed period would therefore be met in this case beyond question had the petition reached the Clerk of the Tax Court for filing on July 9, 1969. An accident or error by the Post Office Department at any point along the route of travel leading to a delay of only three days would have brought the petition to the door of the Clerk of the Tax Court on the 12th day of July, 1969, a Saturday, in which case it would not be marked received until Monday, July 14, 1969, the date the petition herein was actually acknowledged by the Clerk of the Tax Court. 3. The fact is notorious that delays of three days and more in the delivery of regular mail are common and has been established beyond doubt in connection with recent Postal Reform proposals made in the Congress. * * * The question of whether *129 petitioners' arguments as outlined above are sufficient to satisfy the jurisdictional requirements of section 6213 turns on the evidentiary requirements of section 7502(a) and (b) and the regulations promulgated thereunder. Section 7502(a) provides that where a document, including a petition to this Court, is properly mailed within the period prescribed for its filing, it will be deemed filed on the date of the postmark on the envelope containing it. However, with respect to postmarks made by a private postage meter, section 7502(b) states that the provisions of section 7502 will obtain only to the extent provided by regulations promulgated by the Secretary or his delegate. Pursuant to this direction, respondent has promulgated the following regulations setting forth the conditions under which section 7502 is to be applied to privately metered mail: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required *130 to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except 999 for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such *131 delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision. Since the petitions herein were not delivered within two days of July 7, 1969 [2] - the time period ordinarily required for the transmission of a letter from Gastonia, N.C., to Washington, D.C., petitioners can prevail only if they establish that: (1) the document was actually deposited in the mail in time to be collected from the place of deposit on or before the last day prescribed for filing; (2) the delay in delivery was attributable to a delay in the transmission of the mail; and (3) the cause of such delay. Section 301.7502-1(c)(1)(iii)(b). Compare P. P. Leventis, Jr., 49 T.C. 353, 356 (1968), in which we concluded that the petition was received by the Court within the time period after the metered postmark date ordinarily required for transmission of a letter from South Carolina to Washington.
*132 Our study of the testimony and exhibits in this case reveals that petitioners have offered no specific evidence with regard to requirements (2) and (3). All that petitioners have offered is what they regard to be universally acknowledged afflictions which beset our postal system and which could have been responsible for the delay in the transmission of their petitions. However, as unequivocally pointed out in Irving Fishman, 51 T.C. 869 (1969), affd. per curiam 420 F. 2d 491 (C.A. 2, 1970), these generalizations - no matter the acuity on which they are founded - are not enough to satisfy the strict requirements of respondent's regulations. The following language from our opinion in Fishman, a case which presented a fact pattern almost identical to the one now before us, makes this point abundantly clear: Relying on testimony of the petitioner, Mr. Irving Fishman, and postal regulations requiring corrective postmarking by the Post Office of wrongly dated metered mail (see 39 C.F.R. sec. 143.6(c)), the petitioners urge us to conclude that the petition was deposited in a U.S. mailbox on September 5, 1967, in time to be collected from the place of deposit *133 on that day. Based on their assertion of timely mailing and the fact that mail may be delayed in transmission, the petitioners also argue that delay in the delivery of their petition must have resulted from delay in the mails. However, we need not decide whether the petitioners have established that the petition was mailed on September 5 and that the delay in delivery was due to a delay in the transmission of the mail, because it is clear that they have not established the cause of any such delay. The sum total of the evidence produced by the petitioner on this point merely indicates that it is possible for a piece of mail to be delayed for several days with no record of such delay. Yet, proving these possibilities does not fulfill the requirements of the regulations. Proving that there may have been an unrecorded delay in the delivery of a piece of mail falls far short of establishing the reason for such delay. Clearly, the petitioners have failed to qualify under the conditions of the regulations. Since petitioners have failed to prove that their petitions were timely filed, respondent's motion to dismiss for lack of jurisdiction will be granted. [3]
*134 An appropriate order will be entered. 1000 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Because July 6, 1969, was a Sunday, to be timely, Monday, July 7, 1969, was last day on which filing could occur. See section 7503.↩
3. Section 324.366 of the United States postal regulations provides that metered mail bearing the wrong date must be cancelled by the post office to reflect the correct date of mailing. Where an erroneously dated letter is properly cancelled pursuant to the above regulation, the post office must notify the sender of such correction. In this case, petitioners' attorneys, who were responsible for mailing the petitions, received no such notice. Nor did the envelope evidence any sign of a post office cancellation. However, because of the large bulk of mail handled, it is not unusual for letters bearing incorrect postmarks to pass through the post office without detection. Accordingly, as was the case in Fishman, we do not feel that the considerations engendered by the introduction of the above postal regulations are enough to carry the day for petitioner in the within proceeding.↩