P. P. LEVENTIS, JR., AND TINA P. LEVENTIS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

DIXIE BEVERAGE CO. OF CHARLESTON, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2834–67, 2835–67. Filed January 17, 1968.

*Andrew S. Coxe* and *James J. Gallagher*, for the respondent.

OPINION

DRENNEN, *Judge:* The notices of deficiency in the above two related cases were mailed to petitioners at their respective addresses in Columbia, S.C., on March 10, 1967. Separate petitions for the taxpayers, both executed on June 8, 1967, were received by the Tax Court of the United States in Washington, D.C., in a single envelope a few minutes after 9 a.m., on Monday, June 12, 1967, and were filed by the Court on that date, which was 94 days after the date of the mailing of the notices of deficiency.

The envelope containing the two petitions bore the return address of a certified public accountant in Columbia, S.C., and it also had on it a private postage meter stamp bearing the date June 8, 1967, which was the 90th day after the date on the notices of deficiency. The postage meter stamp was not canceled by the U.S. Post Office and the envelope bore no postmark placed thereon by the U.S. Post Office.

Respondent moved to dismiss the petitions for lack of jurisdiction on the ground that the petitions were not timely filed, i.e., within 90 days after the date of mailing of the notices of deficiency. Inasmuch as the filing of a timely petition is necessary in order to confer jurisdiction on the Tax Court, an order was entered with respect to respondent's motion directing petitioners to show cause why respond-

ent's motion to dismiss should not be granted. The parties were given an opportunity to file documentary evidence and written arguments in support of their respective positions.

In response to the order to show cause petitioners filed a letter from the postmaster of the U.S. Post Office at Columbia, S.C., and an affidavit from Jack O. Wingate, an accountant in Columbia, S.C. Wingate's affidavit stated that on June 8, 1967, his staff prepared and mailed to the Tax Court of the United States a petition for his client, P. P. Leventis, Jr., and Tina P. Leventis,[1] at the U.S. Post Office, Columbia, S.C., at 11 p.m. The letter from the postmaster made reference to sections 324.362, 324.363, and 324.366 of the Postal Manual pertaining to metered mail. The substance of those provisions is that metered mail will not be postmarked by the Post Office canceling device except when the wrong date appears in the meter stamp; if the wrong date does appear on the meter stamp, the envelope will be postmarked through the Post Office canceling machine to show the correct date; and that the metered mail will be examined while being routed for distribution to determine that it is properly prepared, which examination may be made by selective check of the pieces as they are distributed. The letter goes on to state that the Post Office at Columbia, S.C., follows the above procedures, but the volume of mail processed would prohibit the possibility of a positive statement that any single piece of metered mail on a given day was mailed bearing a correct or incorrect date in the meter stamp.

The basic rule is that a petition, in order to be timely filed, must be received by the Court in Washington, D.C., on or before the 90th day. However, section 7502(a), I.R.C. 1954, provides that if the envelope or wrapper containing the petition bears a U.S. postmark date which is on or before the last day for filing, the postmark date will be deemed to be the filing date. Section 7502(b) provides that this section shall apply in the case of postmarks not made by the U.S. Post Office only if and to the extent provided by regulations prescribed by the Secretary or his delegate. Here, the envelope in which the petitions were mailed bears no postmark placed thereon by the U.S. Post Office, but does bear a private metered mail stamp which has a date of June 8, 1967, on it. If this stamp can be accepted as the correct postmark we can accept the petitions as being timely filed.

Section 301.7502–1(c)(1)(iii)(b), Proced. and Admin. Regs.,[2] prescribes the conditions which must be met before a document not

---

[1] No reference was made to the petition of taxpayer in docket No. 2835–67, Dixie Beverage Co. of Charleston, Inc. However both petitions, which were signed by the taxpayers, arrived in the same envelope and we will assume that Wingate's affidavit was intended to include both petitions. There is no counsel of record for either petitioner.

[2] Sec. 301.7502–1(c)(1)(iii)(b). If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and

bearing a postmark made by the U.S. Post Office shall be deemed to be filed on the postmark date stamped on the cover in which such document was mailed. The regulation provides that if the postmark on the envelope is made other than by the U.S. Post Office (1) the postmark so made must bear a date on or before the last date for filing the document, and (2) the document must be received by the office with which it is required to be filed not later than the time when a document contained in an envelope properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the U.S. Post Office on the last date for filing the document.

Respondent points out that the dates on private postage meter stamps can be fixed at will by the sender and hence the above requirements of the regulations must be strictly complied with; and that petitioners have failed to carry their burden of proving that a piece of mail postmarked by the U.S. Post Office at Columbia, S.C., on June 8, 1967, would not have arrived and been delivered to the Tax Court in Washington, D.C., on or before 5:15 p.m., on Friday, June 9, at which time the Tax Court offices would have been closed until Monday morning, June 12.

While petitioners have not been very helpful to the Court in deciding this question, having offered no proof of when a piece of mail mailed from Columbia, S.C., at 11 p.m., on June 8, 1967, would ordinarily arrive in Washington, D.C., and be delivered to the addressee, and having filed no written memorandum in support of their position, we are nevertheless inclined to make the Tax Court forum available to taxpayers who wish to avail themselves of it, whenever it is possible to do so under the law. Under the circumstances here present, the question whether these petitions were timely filed so as to give the Tax Court jurisdiction is a question of fact. The date on the postage meter stamp

---

(2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision.

was clearly June 8, 1967, the last day for filing those petitions. Under the procedures prescribed in the Post Office Manual for handling private metered mail, if the date was incorrect it should have been corrected with a U.S. Post Office postmark, which was not the case here.[3] If we accept the postage meter stamp date as being the correct postmark date, then the only question is whether the piece of mail was received by the addressee within the time a properly addressed and mailed envelope sent by the same class of mail would have been received by the Tax Court.

Of course it is possible that a piece of mail sent by ordinary mail from Columbia, S.C., at 11 p.m., on Thursday, June 8, would have arrived in Washington, D.C., in time for delivery to the Tax Court before 5:15 p.m., on the next day, Friday, June 9. Columbia is approximately 475 miles from Washington and the railroad service between the two cities is reasonably good. However, being realistic, we are quite doubtful that a document mailed at 11 p.m., on June 8, would have been placed on a mail train for Washington before the next morning, and, if so, it is quite unlikely that it would even have arrived in Washington before 5:15 p.m., on June 9.

It is our conclusion that the envelope containing these petitions was received by the Tax Court not later than the time when an envelope, properly addressed, mailed and postmarked by the U.S. Post Office on June 8, 1967, would ordinarily have been received by the Tax Court in Washington, D.C. We therefore recognize the date on the postage meter stamp as the postmark date and conclude that the petitions in these cases were timely filed. Respondent's motions to dismiss for lack of jurisdiction are denied, and the order to show cause previously entered herein is discharged.[4]

---

[3] We recognize, of course, that because of the bulk of mail deposited in the post office, such an error might not have been detected.

[4] It should be noted that our conclusion here, on a question of fact, would not necessarily control a situation where the petitions were mailed by registered or certified mail, with respect to which the requirements of the law and regulations are somewhat different.