IRVING FISHMAN AND HELEN FISHMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4587–67. Filed February 27, 1969.

*Morton L. Ginsberg*, for the petitioners.
*Wallace Musoff*, for the respondent.

OPINION

SIMPSON, *Judge:* On November 7, 1967, the respondent filed a motion to dismiss the petition in this case for lack of jurisdiction because the petition was not filed within 90 days after the mailing of the deficiency notice. Sec. 6213, I.R.C. 1954.[1] The controversy revolves about the construction and validity of regulations relating to the filing of documents by metered mail. Written and oral evidence has been presented and briefs have been submitted.

The petitition herein was received and filed by the Tax Court in Washington, D.C., on Monday morning, September 11, 1967, the 96th day after the notice of deficiency was mailed. The envelope in which the petition was mailed from New York City was neither postmarked nor canceled by the U.S. Post Office; the only postmark on the envelope was made by a private postage meter, that is, a postage meter not operated by the U.S. Post Office. Such postmark bore a date of September 5, 1967, the 90th day after the mailing of the deficiency notice. The parties have stipulated that the ordinary time for delivery of mail from New York to Washington, D.C., is 1 day.

Section 7502(a) provides that if a document, including a petition to the Tax Court, is properly mailed within the period prescribed for its filing, but is not delivered until after the expiration of such period, it will be deemed filed on the date of the U.S. postmark stamped on the envelope containing it, if such date falls within the period prescribed for filing. However, with respect to postmarks made by private postage meters, section 7502(b) states:

(b) STAMP MACHINE.—This section shall apply in the case of postmarks not made by the United States Post Office only if and to the extent provided by regulations prescribed by the Secretary or his delegate.

Pursuant to section 7502(b), the respondent has promulgated section 301.7502–1(c)·(1)(iii)(*b*), Proced. & Admin. Regs., setting forth the conditions under which section 7502 applies to privately metered mail. Under these regulations, section 7502 applies if the postmark bears a timely date and if the document is delivered within the time ordinarily required for the delivery of a document properly mailed on the last day for its filing. If the document is not delivered within

---

[1] All statutory references are to the Internal Revenue Code of 1954.

such time, the regulations provide, in the alternative, that the document will be considered timely filed only if the person who is required to file the document establishes: (1) The document was actually deposited in the mail in time to be collected from the place of deposit on or before the last day prescribed for filing; (2) the delay in delivery was attributable to delay in the transmission of the mail; and (3) the cause of such delay.

The petitioners argue that, pursuant to the regulations under section 7502, their petition should be deemed filed on September 5, 1967. Alternatively, if it is found that the petitioners do not qualify under the regulations, they urge us to hold such regulations invalid.

It is clear that the petition was not delivered within the ordinary time for delivery of a document mailed from New York to Washington, D.C. We have taken into consideration the circumstances that the Tax Court is closed weekends and that the petition might have been in Washington, D.C., and ready for delivery to the Tax Court by Friday evening, September 8, 1967. Nevertheless, even assuming the facts most favorable to the petitioners, delivery of the petition took 3 days. The parties have stipulated the normal time for delivery of mail between New York and Washington is 1 day, and the evidence presented supports this stipulation. Therefore, we cannot accept the contention that the petition was delivered within the ordinary time of delivery. Compare *P. P. Leventis, Jr.*, 49 T.C. 353, 356 (1968).

Hence, if the petitioners are to qualify under the regulations, they must do so under the alternative rule by establishing the time when the petition was deposited in the mail, the fact that the delay in delivery was due to delay in transmission of the mail, and the cause of such delay.

Relying on testimony of the petitioner, Mr. Irving Fishman, and postal regulations requiring corrective postmarking by the Post Office of wrongly dated metered mail (see 39 C.F.R. sec. 143.6(c)), the petitioners urge us to conclude that the petition was deposited in a U.S. mailbox on September 5, 1967, in time to be collected from the place of deposit on that day. Based on their assertion of timely mailing and the fact that mail may be delayed in transmission, the petitioners also argue that delay in the delivery of their petition must have resulted from delay in the mails.

However, we need not decide whether the petitioners have established that the petition was mailed on September 5 and that the delay in delivery was due to a delay in the transmission of the mail, because it is clear that they have not established the cause of any such delay. The sum total of the evidence produced by the petitioner on this point merely indicates that it is possible for a piece of mail to be delayed for several days with no record of such delay. Yet, proving these possibili-

ties does not fulfill the requirements of the regulations. Proving that there may have been an unrecorded delay in the delivery of a piece of mail falls far short of establishing the reason for such delay. Clearly, the petitioners have failed to qualify under the conditions of the regulations.

In the alternative, the petitioners argue that the regulations are invalid. They contend that they have done all that is possible to prove that the petition was timely mailed; that it is often impossible to establish the cause of a delay in the transmission of mail; and that to put such a burden on them is both unreasonable and arbitrary.

Section 7502(b) confers upon the Secretary of the Treasury or his delegate the authority to decide "if and to the extent" the timely mailing rule of section 7502 should apply to metered mail. In *Commissioner* v. *South Texas Co.*, 333 U.S. 496 (1948), the Supreme Court said at 501:

> This Court has many times declared that Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and that they constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons. * * *

The regulations issued under section 7502(b) are not merely interpretative regulations. They were promulgated pursuant to broad rulemaking authority and thus are legislative in nature. As such, more weight must be given to them, and they must be given effect unless they are inconsistent with the statute or unless they adopt arbitrary or unreasonable means of carrying out the legislative purpose. *Commissioner* v. *South Texas Co.*, supra at 502–503; *Allstate Insurance Co.* v. *United States*, 329 F. 2d 346, 349 (C.A. 7, 1946).

It is clear that the regulations do not conflict with the statute since the delegation of rulemaking power in section 7502(b) is both broad and unequivocal. Under the statute, the Secretary or his delegate was given the authority to decide whether the timely mailing rule of section 7502 would apply to metered mail and, if so, under what conditions.

Nor are the regulations unreasonable or arbitrary in effecting the legislative purpose. Section 7502(a), in dealing with mail postmarked by the U.S. Post Office, requires that the postmark bear a date within the filing period. If the U.S. postmark fails to include a date, testimony, or other proof that the document was in fact timely mailed does not take the place of a postmark date made by the United States. *Luther A. Madison*, 28 T.C. 1301 (1957). Thus, when the postmark is made by the United States, the statute requires objectively ascertainable evidence of timely mailing. On the other hand, in dealing with metered mail, Congress was aware that postmarks made by pri-

vate postage meters could bear any date desired by the sender. For this reason, it refused to apply the same rules to both metered and unmetered mail. H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. A435 (1954); S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 615 (1954). Apparently, the regulations relating to metered mail are designed to require objective proof of timely mailing analogous to that required of mail postmarked by the United States.

The petitioners argue that we should accept the testimony of Mr. Fishman, and the fact that the Post Office did not change the metered mail postmark, as proof that the petition was timely mailed and that the regulations are unreasonable and arbitrary in requiring further substantiation of timely mailing. We do not agree.

In view of the objective evidence required when mail is postmarked by the United States, the regulations are not unreasonable in requiring more objective proof of timely mailing than the testimony of the sender. With respect to the postal regulations, the evidence indicates that it is impossible for the Post Office to check every piece of metered mail and correct every erroneous date. What the regulations require is objective and reliable evidence that the petition was timely mailed. Proof of delivery within the ordinary delivery time constitutes such evidence. When there is a delay, the sender can still qualify by establishing the cause of the delay. There are some situations in which this alternative can be used, as for example, when mail is misdirected and such fact appears from the cancellations on the envelope and when an extraordinary situation arises such as the developments in the Chicago Post Office in 1967. Report of the President's Commission on Postal Organization, pp. 11–12 (1968). It may be that material changes have occurred in the delivery of mail since the adoption of the regulations and that this alternative under the regulations has less applicability nowadays. Report of the President's Commission on Postal Organization, pp. 12–14 (1968). Nevertheless, the requirements of the regulations cannot be said to be arbitrary. In view of the unreliability of the postmark date on metered mail, the Treasury regulations could have provided that the timely mailing rule of section 7502 does not apply to such mail; instead, they have established procedures under which the rule can apply when such mail is used. It may be difficult in some cases, such as in the situation before us, for a person to meet the requirements. However, those requirements are not an unreasonable means of assuring that metered mail was timely mailed.

Even if we were to hold the regulations invalid, we could not hold that the petition was timely filed. Congress has delegated to the Secretary or his delegate the authority to make the rules for applying the timely mailing rule of section 7502 to metered mail. If we were

to hold the regulations invalid, there would be a void—there would be no rules for applying section 7502 to metered mail. Clearly, Congress has not given us the authority to make the rules. The effect would be that the petition would have to be treated as filed when actually received by the Tax Court.

To hold that we lack jurisdiction may appear to be inequitable in view of the fact that the petition was only several days late and that the delay may have been caused by a delay in the transmission of the mail. Furthermore, we prefer holding that this Court has jurisdiction, whenever possible, so as to provide taxpayers with an opportunity to obtain judicial redetermination of their tax liability prior to the payment thereof. *Samuel J. King*, 51 T.C. 851 (1969); *P. P. Leventis, Jr., supra.* However, Congress has limited the period for filing a petition with this Court. It might seem hard and inequitable to reject a petition filed on the 91st day, but under the law, we must do so. In like manner, we must reject this petition because it has not been filed within the time allowed by the law. The respondent's motion to dismiss for lack of jurisdiction will be granted.

*An appropriate order will be issued.*