Fidelity State Bank v. Commissioner.
Fidelity State Bank v. Commissioner
Docket No. 4730-69 SC.
United States Tax Court
T.C. Memo 1970-72; 1970 Tax Ct. Memo LEXIS 289; 29 T.C.M. (CCH) 310; T.C.M. (RIA) 70072; March 25, 1970, filed Murray F. Hardesty 3410 Van Buren, Topeka, Kan., for the petitioner.Edward G. Lavery, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: By notice dated June 13, 1969 and mailed to petitioner by certified mail on that date, respondent determined a deficiency against petitioner in the amount of $1,014.01 for the taxable year ended December 31, 1966. On September 17, 1969, the petition herein was filed with this Court. It had been forwarded to this Court in an envelope, properly addressed, labeled air mail, and bearing a privately metered postmark and postage in adequate amount for *290 such mail from Topeka, Kansas, to Washington, D.C., and the date September 10, 1969. The postmark date was thus within the 90-day period (i.e., on the 89th day) but the date of filing was outside that period (i.e., on the 96th day). Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition had not been filed within the 90-day period prescribed by section 6213(a). [1]
Under section 7502, the mailing of certain documents may constitute the act of filing and the date of such mailing is the critical date for determining whether the statutory time limitations have been met. Pursuant to authority contained in section 7502(b), regulations have been issued with respect to privately metered mail. Section 301.7502-1 (c)(iii)(b), Income Tax Regs. These regulations provide that section 7502 shall apply to such mail if the postmark bears a timely date and delivery occurs within the time it ordinarily takes for delivery of an envelope properly mailed on the last day prescribed for filing. Altenatively, the regulations provide that the postmark will be determinative of timely filing *291 only if the person required to file the particular document establishes: (1) that the deposit in the mail was made in time to be collected on or before the last day for filing; (2) the delay in delivery was attributable to delay in transmission; and (3) the cause of such delay. These regulations have been sustained. Irving Fishman 51 T.C. 869 (1969), affirmed per curiam, 420 F. 2d 491 (C.A. 2, Jan. 7, 1970). At the hearing on respondent's motion, petitioner's counsel testified as to the time and manner in which he personally deposited in a specific mail box the envelope containing the petition herein and as to his efforts to obtain an explanation from postal officials as to the reason for the apparent delay in transmission. We are satisfied that the envelope was deposited in the mail in Topeka, Kansas, on or about 1:15 p.m., on September 10, 1969, and we so find. But, unfortunately for petitioner, this is not enough. Petitioner does not contend that the normal time for delivery of air mail from Topeka, Kansas, to Washington, D.C., takes seven days, with the result that petitioner must bring itself within the alternative provisions of the regulations. But, *292 aside from the uncorroborated testimony of petitioner's counsel that during the critical period there were apparently some difficulties in handling mail in the Topeka post office, we remain uninformed as to the cause of the delay in transmission. We are unable to conclude that petitioner has met the requirements of respondent's regulations and, accordingly, under our holding in Irving Fishman, supra, we must grant respondent's motion to dismiss for lack of jurisdiction. It is so ordered. 311 Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended.↩