THELMA L. CLARK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clark v. Commissioner
Docket No. 10318-77.
United States Tax Court
T.C. Memo 1978-356; 1978 Tax Ct. Memo LEXIS 154; 37 T.C.M. (CCH) 1492; T.C.M. (RIA) 78356; September 12, 1978, Filed Ronald I. Vails, Sr., for the petitioner. David J. Duez, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction. Petitioner filed a written objection to such motion and a hearing was held on the motion. The sole issue for our decision is whether the petition in the instant case was timely *155 filed, pursuant to sections 6213(a) [1] and 7502(b), when it was received by this Court beyond the statutory 90-day period. FINDINGS OF FACT Petitioner Thelma L. Clark (petitioner) resided in St. Louis, Missouri, at the time the petition was filed herein. Petitioner filed her Federal income tax returns on a calendar year basis for the years 1972 and 1973 with the District Director of Internal Revenue, St. Louis, Missouri. On July 7, 1977, the respondent mailed to petitioner a statutory notice of deficiency in Federal income taxes for the following amounts: Additions to
Additions to
tax under
tax under Year
Deficiency
sec. 6651(a)
sec. 6653(a)
1972
$ 5,807.76
$ 1,451.94
$ 373.98
1973
4,117.29
617.59
349.10
The 90-day statutory period during which a petition to this Court must be filed expired on Wednesday, October 5, 1977, which was not a legal holiday in the District of Columbia. Counsel for petitioner mailed the petition in an envelope that was stamped by a private postage meter. The parties agree that the postmeter mark *156 was illegible [2] and the United States Postal Service did not, in any way, stamp or mark the envelope. Counsel addressed the envelope as follows: United States Tax Court 400 Second Street N.W., Washington, D.C. 20017 It was then placed in a mail depository located in the same building as counsel's office at 4:30 p.m. on October 5, 1977. The last mail pickup in the building on that date was at 5:03 p.m. The parties are in agreement that first-class mail is usually delivered within two days of deposit from St. Louis, Missouri to Washington, D.C., and that approximately 82 percent [3] of all mail was delivered on Friday, October 7, 1977. [4] The following Monday, October 10, 1977, was a legal holiday in the District of Columbia. Taxpayer's petition was received by this Court at 8:47 a.m. on October 11, 1977, and was marked filed at 12:17 p.m. on that same date. This was six days beyond the requisite statutory period prescribed for *157 timely filing. OPINION Respondent argues that petitioner is not entitled to rely on the timely mailing as timely filing rule, under the provisions of section 7502, because the envelope in which the petition was mailed to the Court had an illegible private postal meter postmark and had been improperly addressed. The timely filing of a petition in the sine qua non to this Court's exercise of jurisdiction over the deficiencies determined in petitioner's notice of deficiency. Brave v. Commissioner,65 T.C. 1001 (1976); Sylvan v. Commissioner,65 T.C. 548 (1975). Section 6213(a) confers upon this Court its jurisdiction. It provides that a taxpayer has 90 days from the mailing of the statutory *158 notice of deficiency within which to file his petition with this Court. See also Rule 13(b), Tax Court Rules of Practice and Procedure. In the instant case, the actual filing of taxpayer's petition was untimely because it was not received in the Tax Court until 96 days after the mailing of the notice of deficiency. Therefore, this Court lacks jurisdiction unless petitioner can bring herself within the provisions of section 7502. Section 7502(a) furnishes a statutory exception to the rule that the date of receipt of the petition is deemed the date of its filing. Such section generally provides that the time of mailing a petition to this Court shall be deemed to be the time of its filing. At section 7502(b) the Secretary of the Treasury or his delegate is empowered to promulgate regulations that will apply the timely mailing rule of section 7502(a) to private metered mail. These regulations are legislative in nature and, as such, more weight must be accorded them. Fishman v. Commissioner,51 T.C. 869, 872 (1969), affd. 420 F. 2d 491 (2d Cir. 1970). Whether the petition was timely filed is a question of fact that must be determined from all the *159 facts and circumstances of the case. Leventis v. Commissioner,49 T.C. 353, 355 (1968). Petitioner has the burden of proof in the instant case. Rule 142, Tax Court Rules of Practice and Procedure.
Respondent contends that petitioner failed to comply with the pertinent regulations because she tendered an envelope to this Court which bore an incorrect ZIP code number in the address. The applicable regulation is section 301.7502-1(c)(1)(i), Proced. & Admin. Regs. It provides, in relevant part: (i) The document must be contained in an envelope or other appropriate wrapper, properly addressed to the agency, officer, or office with which the document is required to be filed. [Emphasis supplied.] In addition, this Court has prescribed a rule for the filing of pleadings and other papers. Rule 22, Tax Court Rules of Practice and Procedure, provides: "Any pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D.C., during business hours." [5]
*160 We have held that an envelope with an incorrect ZIP code number in the address was properly addressed in accordance with section 7502 and Rule 22 of the Tax Court Rules of Practice and Procedure.Minuto v. Commissioner,66 T.C. 616 (1976). Cf. Hoffman v. Commissioner,63 T.C. 638 (1975). Respondent argues that in order for the petition in this case to be properly addressed, it should not have depicted the ZIP code "20017" instead of the proper ZIP code for the address of the Court which is 20217. We do not agree. To render such a strict interpretation of the term "properly addressed" in section 301.7502-1(c)(1)(i), supra, in light of our Rule 22, amounts to a Draconian result in the case at hand. We must balance respondent's interpretation of his regulations against petitioner's loss of her right to seek relief in this Court, given what appears to be a mere typographical error. See Minuto v. Commissioner,supra at 619-621. Respondent also asserts that a plausible outcome of an incorrect ZIP code number is delivery of the envelope containing the petition to a post office some distance from this Court. While we recognize *161 that an improper mailing address may have been a factor in the late receipt of taxpayer's petition to this Court, nevertheless, we do not base our holding in the instant case upon an incorrect mailing address per se. Of much greater concern to this Court than the improper address is the "illegible" private postage meter marking that appears on the envelope. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., governs the extent to which section 7502(a) applies to private postage meter marks. Lindemood v. Commissioner,566 F. 2d 646, 649 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Stotter v. Commissioner,69 T.C. 896, 897 (1978). It provides that the private postage meter mark must bear a date on or before the ninetieth day and that the petition must be received by the Court no later than the time in which a document contained in an envelope would ordinarily be received if mailed from the petition's point of origin on the ninetieth day. We find from the entire record that the envelope was imprinted by a private postage meter and was never marked by the U.S. Postal Service, notwithstanding its affirmative duty to do so *162 under the postal regulations when an illegible private postage meter mark is discovered. According to the testimony received, the petition was not delivered to the Clerk of this Court within the normal two days' delivery time between St. Louis, Missouri, and Washington, D.C. Therefore, since taxpayer's petition was received after the time when a document so mailed and so postmarked would ordinarily be received, petitioner must establish all of the following, in compliance with section 301.7502-1(c)(1)(iii)(b), supra, to be granted relief under section 7502(a). First, the actual date of mailing and that the date was prior to the expiration of the 90-day period; second, that the delay in delivery was attributable to delay in the transmission of mail; and last, the cause of such delay. Sec. 301.7502-1(c)(1)(iii)(b)(i), (ii), (iii), supra. See Fishman v. Commissioner,51 T.C. 869 (1969), affd. 420 F. 2d 491 (2d Cir. 1970). Respondent argues that petitioner is precluded by the regulations from offering extrinsic proof of timely mailing. We note that no evidence is permissible when a legible U.S. postmark appears on the envelope. Sylvan v. Commissioner,65 T.C. 548, 552 (1975). *163 Nor may extrinsic evidence be offered when a legible private postage meter mark was made on an envelope after the last day prescribed for timely filing of taxpayer's petition. Wiese v. Commissioner, 70 T.C.     (Aug. 17, 1978). This is not the situation in the instant case. Here we are dealing with what the parties agree is an illegible private postage meter mark. [6] Evidence aliunde is clearly admissible to ascertain the date of mailing when the postmark is illegible. Sylvan v. Commissioner,supra at 553. See also Skolski v. Commissioner,351 F. 2d 485, 487 (3d Cir. 1965). In addition, the Commissioner's regulations require that such markings must be corroborated by extrinsic proof. Sec. 301.7502-1(c)(1)(iii)(b), supra. See also Lindemood v. Commissioner,supra.As stated in Fishman v. Commissioner (51 T.C. at 873): Apparently, the regulations relating to metered mail are designed to require objective proof of timely mailing analogous to that required of mail postmarked by the United States. *164 Petitioner argued on brief that the petition herein was actually mailed on October 5, 1977, the last day allowed for the timely filing of her petition, and we have so found. However, petitioner must show that the petition would be received by the Court within the time in which a letter would ordinarily be received if mailed from the petition's point of origin on the ninetieth day. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. In the instant case the parties agree that this date would have been October 7, 1977. Since this petition was not received until the next mail delivery date to the Court on October 11, 1977, petitioner must prove the cause for such delay. See Fishman v. Commissioner,51 T.C. at 873. It appears that petitioner is attempting to show that the cause for the delay was the U.S. Postal Service's negligence in not stamping or marking the envelope bearing the "illegible" private postmark. See, e.g., Arkansas Motor Coaches v. Commissioner,198 F. 2d 189 (8th Cir. 1952). Moreover, petitioner argues that since the delay was not her fault, but rather the fault of the U.S. Postal Service, she has met her burden with respect *165 to establishing the cause of the delay. We disagree. On a case with similar facts to the one at hand, the Court of Appeals for the Ninth Circuit held in Lindemood v. Commissioner,supra, that appellants' petitions were not timely filed when mailed in an envelope bearing illegible private postage meter postmarks because appellants failed to establish the cause of the delay. As stated in Lindemood at 566 F. 2d 646, 649: We agree with the Tax Court. The regulation [section 301.7502-1(c)(1)(iii)(b)] states explicitly that the taxpayer must establish the cause of the delay in the receipt of his document. It leaves no room for exceptions or judicial interpretation. Appellants' argument that it is sufficient that they showed the delay was not their fault is contrary to the plain meaning of the regulation. * * * [Emphasis supplied.] The care with which the private postmeter mark was imprinted on the envelope was entirely within the control of petitioner and her counsel. We recognize that postal regulations require the imprinting of a U.S. postmark on all discovered illegible private metered mail. However, because of the sheer volume *166 of mail deposited in the U.S. Post Office such an illegible postmark may have gone undetected. See Leventis v. Commissioner,49 T.C. at 356 n. 3. But, aside from the testimonial evidence on these postal regulations, we are uninformed as to the cause of the delay. Therefore, since petitioner has not met the requirements of respondent's regulation, section 7502 does not afford petitioner any relief and we must grant respondent's motion to dismiss for lack of jurisdiction. [7] 7 An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩
2. The case was tried on this basis and we decide it on this basis. We note, however, that the date September 7, 1977, seems fairly clear on the cover even though the affidavit attached to the petition which was enclosed is dated October 3, 1977.↩
3. The parties have variously referred to this percentage as 83% or 82%. ↩
4. Petitioner's proposed finding is as follows: Eighty-three (83%) percent of the mail collected for delivery addressed to Washington, D.C. from St. Louis, Missouri on October 5, 1977 reached Washington, D.C. on October 6, 1977. This factual issue on which the parties here agree was the ratio decidendi in Stotter v. Commissioner,69 T.C. 896↩ (1978).
5. Although Rule 22↩ does not provide the full address of this Court, Rules 81(h)(3) and 200(b), relating to Return of Deposition and to application for Admission to Practice before this Court, respectively, do furnish the complete address.
6. Absent such agreement, extrinsic evidence would also have been admissible because September 7, 1977, is well before the last day prescribed for timely filing of taxpayer's petition.↩
7. We note, however, that petitioner will still have the opportunity to pay the deficiency determined by respondent and commence a suit for refund of the amount so paid in either the United States District Court or the United States Court of Claims.↩