ROY F. RICKARD AND MIA T. RICKARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rickard v. Commissioner
Docket No. 27079-85.
United States Tax Court
T.C. Memo 1986-31; 1986 Tax Ct. Memo LEXIS 579; 51 T.C.M. (CCH) 332; T.C.M. (RIA) 86031; January 23, 1986. *579 The envelope containing the petition filed herein was mailed from Daytona Beach, Florida, and was postmarked by a private postage meter. The postmark is dated the 89th day after the notice of deficiency was mailed to Ps. The petition was received and filed at the U.S. Tax Court on the 102d day. Held, Ps failed to prove they met the requirements of sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.; accordingly, under secs. 7502(b) and 6213(a), I.R.C. 1954, the petition was not timely filed. R's Motion to Dismiss for Lack of Jurisdiction is granted. William Randolph Klein, for the petitioners. Avery B. Cousins, III and Phyllis W. Greenblum, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction filed herein was assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration and ruling thereon. After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed on September 25, 1985. [1] *580 Respondent, in his notice of deficiency issued to petitioners on April 4, 1985, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1981 in the amount of $151,113.59. The record herein discloses that on April 4, 1985 respondent by certified mail issued a notice of deficiency to petitioners at their last known address pursuant to section 6212, [2] addressed as follows: 2684 John Anderson Drive, Ormond Beach, Florida 32074. Section 6213(a), which permits the filing of petitions with this Court, provides in part: Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The 90th day after the mailing of the notice of deficiency was Wednesday, July 3, 1985, which date was not a legal holiday in the District of Columbia. The petition herein, which *581 is dated July 2, 1985, was received by the Court on July 15, 1985, and filed on that date. The envelope in which the petition was received by the Court was properly addressed, postage prepaid, and it bears a clearly legible private postage meter stamp date which reads "Daytona Beach, Fla. JUL-2 '85." There is no evidence in this record that the envelope containing the petition was deposited in the mails of the U.S. Postal Service at Daytona Beach, Florida on July 2, 1985 or July 3, 1985. Petitioners filed an objection to respondent's motion on October 11, 1985 and upon consideration of that document we find it to be meritless. Respondent, by and through his motion and at the hearing at Washington, D.C. on December 4, 1985, urges that we dismiss this case as the petition was not timely filed within the time prescribed by sections 6213(a) and 7502(b) and the regulations issued thereunder. On this record, we must and do agree with respondent. A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. Section 6213. Failure to file within the prescribed period requires that the petition be dismissed *582 for lack of jurisdiction. Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner,73 T.C. 896, 898 (1980); Stone v. Commissioner,73 T.C. 617, 618 (1980); Cassell v. Commissioner,72 T.C. 313, 316-317 (1979); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). [3] Hence, under this statute, in order to be timely filed, a petition must be received at Court in Washington, D.C., on or before the 90th day. It is clear that the petition was not so received.
However, section 7502(a) provides that if the envelope or wrapper containing the petition bears a U.S. postmark date which is on or before the last day for filing, the postmark date will be deemed to be the filing date. The date on which the envelope was actually placed in a U.S. Post Office box is not the date of filing under section 7502(a). Estate of Moffat v. Commissioner,supra at 501. Here, the envelope in which the petition was received bears no postmark placed thereon by the U.S. Postal *583 Service, but does bear a private metered mail stamp which has a date of July 2, 1985 on it. In such circumstance, we must proceed to section 7502(b), which mandates-- This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary. Thus, following the mandate, and to resolve the controversy herein, we next turn to section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., which sets forth the conditions under which section 7502 applies to privately metered mail. [4] This regulation provides that privately metered mail showing a date within the 90-day period (which is the situation herein) is considered timely filed if it is received within the ordinary delivery time for mail postmarked at the same place of origin by the U.S. Postal Service. Whether the petition was received at the Tax Court in the ordinary delivery time is purely a factual question. Leventis v. Commissioner,49 T.C. 353, 355 (1968); Stotter v. Commissioner,69 T.C. 896, 899 (1978). [5] As the trier of fact, we must evaluate the evidence in the light of our own "experience with the mainsprings of human conduct to *584 the totality of the facts of each case." Commissioner v. Duberstein,363 U.S. 278, 289 (1960). The burden of proving that the Court has jurisdiction is on petitioners although the Court has extended its Rules on when and what kind of evidence can be received in the determination. Cassell v. Commissioner,supra at 317-318. Respondent, at paragraph *585 5 of his motion asserts-- The United States Postal Service has advised the respondent that an envelope, which was properly addressed to the Tax Court, mailed from the Ormond Beach, Florida area and bearing a United States Postmark with a date of July 3, 1985, would have ordinarily been received on July 5, 1985 at the Tax Court. Respondent's statement as to the service standards of the United States Postal Service is not sufficient to support a finding of fact that mail from either Daytona Beach, Florida or Ormond Beach, Florida (which are approximately 10 miles apart) would ordinarily be received at the Tax Court in Washington, D.C. within 2 days, as respondent contends. On the other hand, there is no evidence in this record (and understandably so) suggesting that the normal delivery time from those two sites is as much as 13 days, as petitioners would have us believe. In these circumstances, we must conclude that the petition herein was delivered after the time when a document so mailed and so postmarked, as here, would ordinarily be received. [6] *586 Since petitioners' mail was not received within the ordinary time for delivery the burden of proof is upon them to establish three facts: (i) that is [the document] was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. [Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.] The burden of proving that these factors are met is on petitioners. Fishman v. Commissioner,51 T.C. 869, 873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). Petitioners have *587 established none of these facts. On this record, respondent's motion will be granted. We are mindful that this result is harsh, but as the Court stated in Lindemood v. Commissioner,566 F.2d 646, 649 (9th Cir. 1977), affg. a Memorandum Opinion of this Court: The regulation states explicitly that the taxpayer must establish the cause of the delay in the receipt of his document. It leaves no room for exceptions or judicial interpretation. Appellants' argument that it is sufficient that they showed the delay was not their fault is contrary to the plain meaning of the regulation. A similar argument was rejected in Irving Fishman,51 T.C. 869 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). [7] *588 An appropriate order of dismissal for lack of jurisdiction will be entered.
Footnotes
1. This case was assigned pursuant to sec. 7456(d)(4), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8, 81 T.C. XXV (1983).
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. See paragraphs (a) and (c) of Rule 13, Tax Court Rules of Practice and Procedure. See also Wiese v. Commissioner,70 T.C. 712 (1978), involving a late↩ legible private postage meter postmark.
4. The regulations under sec. 7502(b) have been held to be valid. See Fishman v. Commissioner,51 T.C. 869, 872-873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970); Lindemood v. Commissioner,566 F.2d 646, 649↩ (9th Cir. 1977), affg. a Memorandum Opinion of this Court. 5. These cases, in which we maintained jurisdiction, are factually distinguishable from the case at bar. In each of those cases a timely private postage meter stamp was involved. In Leventis v. Commissioner,49 T.C. 353 (1968), a Columbia, South Carolina mailing was received and filed 3 days and 9 hours after the expiration of the 90-day filing period. In Stotter v. Commissioner,69 T.C. 896↩ (1978), a Philadelphia, Pennsylvania mailing was received and filed 3 days and 8 hours beyond the period provided for filing. Neither of these cases involved a weekend filing deadline.
6. See the following cases where we declined jurisdiction in holding that the mailing period was not ordinary: Estate of Labovitz v. Commissioner,T.C. Memo. 1985-538, involving an 8-day mailing period from Blue Bell, Pennsylvania; Estate of Reiners v. Commissioner,T.C. Memo. 1981-275, involving an 8-day mailing period from Morris, Minnesota; Berry v. Commissioner,T.C. Memo. 1981-106, involving a 7-day mailing period from Augusta, Georgia; Levision v. Commissioner,T.C. Memo. 1979-470↩, involving an 8-day mailing period from New York, New York.
7. We close in providing, inter alia, the following admonition found in Lindemood v. Commissioner,supra at 649: "In section 301,7502-1, the Secretary of the Treasury attempted to provide relief designed to counter the potential ability of the user of a private postage meter to abuse the good intentions of 26 U.S.C. Sec. 7502 by applying any postmark convenient for his purposes." See also Wiese v. Commissioner,supra at 713. Moreover, petitioners could have protected themselves by mailing their petition by certified or registered mail. See sec. 7502(c) and sec. 301.7502-1(c)(2), Proced. & Admin. Regs., and Estate of Moffat v. Commissioner,46 T.C. 499, 502 (1966). Finally, petitioners need not be denied their day in court as they may pay the deficiency, file a claim for refund, and, if the claim is denied, sue to recover in the United States District Court for the locale in which they live or the U.S. Claims Court at Washington, D.C. See Drake v. Commissioner,554 F.2d 736, 739↩ (5th Cir. 1977).