WAYNE A. GERL AND SUSAN A. GERL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WAYNE A. GERL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gerl v. Commissioner
Docket Nos. 31159-86, 31550-86.
United States Tax Court
T.C. Memo 1987-289; 1987 Tax Ct. Memo LEXIS 289; 53 T.C.M. (CCH) 1071; T.C.M. (RIA) 87289; June 10, 1987. Michael A. Lampert, for the petitioners. Bonnie L. Rosner, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: On September 26, 1986, respondent filed motions to dismiss both of the above-captioned cases for lack of jurisdiction. Respondent's motions were premised upon the allegation that the petitions in both cases were not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a). [1] We are confronted *290 with a unique situation where the envelopes containing the petitions were deposited in the U.S. mail on the 90th day and the private post meter date reflects the 90th day, but the envelopes bear a U.S. Postal Service postmark reflecting the 91st day. The parties presented their positions and some factual matters [2] on January 17, 1987, at a Miami, Florida, hearing. There are no material disagreements about the facts. On April 25, 1986, respondent sent two statutory notices of deficiency to petitioners [3] at their "last known address" of 2100 Corporate Drive, Boynton Beach, Florida. [4] The last day (90th day) for filing a petition was July 24, 1986. The petitions in this case were placed in separate envelopes, private postage meter stamps dated July 24, 1986, affixed and placed in a mailbox behind the North Palm Beach Post Office *291 after the close of normal business hours, but before midnight, July 24, 1986. Each of the envelopes bears a U.S. Postal Service July 25, 1986, postmark. [5] July 25, 1986, is 91 days after the mailing of the statutory notices of deficiency. Respondent, in lieu of answering, moved to dismiss both cases for lack of jurisdiction, to which petitioners objected. Petitioners, on brief, argue that section 301.7502-1(c)(1)(iii)(b), *292 Proced. & Admin. Regs., [6] which provides that a private postmark be disregarded where there is a legible U.S. Postal Service postmark, should not apply where the postmark is affixed regionally; the local post office closes both prior to the time of actual mailing and prior to midnight; and the envelope or wrapper contains a timely (within 90 days) date. Respondent argues that this case is no different from and should be governed by Drake v. Commissioner,554 F.2d 736 (5th Cir. 1977), affg. an unpublished order of this Court (hereinafter "Drake"). [7]
*293 The facts in Drake are strikingly similar to this case, with one exception. In Drake, the taxpayers' attorney personally deposited the petition into a Galveston, Texas, mailbox at 6:00 p.m. on the 90th day, but the envelope was postmarked by the U.S. Postal Service at the Houston, Texas, regional facility on the 91st day. The difference in this case is that the envelope contained a private post meter stamp bearing a date on the 90th day. Petitioner argues that this presents a factor which should distinguish it from Drake and/or that equity would require us to find the regulation inapplicable in situations such as the one which confronts us. Even if we can find distinction in the factual difference between this case and Drake, we must, to some extent, find the regulation invalid to be able to find for petitioners. If we decide this motion against petitioners, they may be able to seek a redetermination of respondent's determination in the United States District or Claims Court, but they must first pay the tax to do so. We see the relative merit of petitioners' argument that the private meter date, when considered in conjunction with the Court's relatively timely *294 receipt of the petitions, may have carried the day for petitioners if the U.S. Postal Service had not date stamped the envelopes or if the dates were illegible, but the regulation provides the same treatment under these circumstances. Further, petitioners here have more probative evidence in their favor than in Drake (private meter stamp reflecting the 90th day). The regulations concerning postmarks are of the legislative variety because of the congressional mandate in section 7502(b) and "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes and * * * constitute contemporaneous constructions by those charged with administration of these statutes which should not be overruled except for weighty reasons." Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501-503 (1948); Fishman v. Commissioner,51 T.C. 869, 872 (1969), affd. 420 F.2d 491 (2d Cir. 1979). We find that section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., is consistent with the statute and should not be held invalid. Petitioners have argued that it is inequitable to deny them access to this Court where they actually deposited *295 their petitions into the "mail" on the 90th day. We note, however, that the means [8] by which a timely petition to this Court could have been made certainly existed, even at the "eleventh hour." See also Drake, at pages 738 and 739. The regulation provides a bright line test by which to fairly and concisely determine the timeliness of petitions, which may confer jurisdiction on a statutorily created Court of limited jurisdiction. Furthermore, the regulations provide several readily available means to insure a timely petition and those means were no less available to these petitioners. In summary, we do not find petitioners' factual difference to require a different result with respect to the regulation or the holding of Drake.
In view of the foregoing, respondent's motions to dismiss for lack of jurisdiction due to untimely petitions will be granted in both cases. To reflect the foregoing, Appropriate orders of dismissal *296 will be entered in dockets Nos. 31159-86 and 31550-86.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the period in issue.↩
2. The Court received petitioners' attorney's statement that he personally deposited the envelopes late in the evening on July 24, 1986, in a U.S. Postal Service mailbox located behind the North Palm Beach Post Office.↩
3. One notice (docket No. 31550-86) was addressed to Wayne Gerl only and concerned his 1973 taxable year. The other notice (docket No. 31159-86) was addressed to Wayne Gerl and Susan Gerl and concerned their 1974 through 1979 taxable years. ↩
4. Respondent refers to petitioners' address as their "last known address" and petitioners, in their petitions, refer to the same address as their "mailing address." We assume that both parties have resorted to "words of art" in describing this address because it is not necessarily petitioners' residence. In any event we find that petitioners resided in the State of Florida for purposes of any appeal. Sec. 7482(b). ↩
5. One petition was filed on July 28, 1986 (docket No. 31159-86), and the other on July 29, 1986 (docket No. 31550-86).↩
6. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., in pertinent part provides: If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, * * * ↩
7. Although any appeal of this case by petitioners would properly lie in the Circuit Court of Appeals for the Eleventh Circuit, Drake v. Commissioner,554 F.2d 736 (5th Cir. 1977), was decided by the Circuit Court of Appeals for the Fifth Circuit at a time when Florida was a part of the Fifth Circuit and, accordingly, petitioners are bound by this 1977 case precedent. See Bonner v. City of Pritchard,661 F.2d 1206, 1209 (11th Cir. 1981). Moreover, under the holding in Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we are bound by the holding of the Circuit Court in Drake.↩
8. The regulations provide for registered mail or a datestamped, certified mailing certificate as ways of insuring that a taxpayer meet the jurisdictional requirements to have access to this Court. Sec. 301.7502-1(c)(2), Proced. & Admin. Regs.↩