JANICE W. LOWMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lowman v. Commissioner
Docket No. 12623-87.
United States Tax Court
T.C. Memo 1988-157; 1988 Tax Ct. Memo LEXIS 193; 55 T.C.M. (CCH) 609; T.C.M. (RIA) 88157; April 18, 1988. Andrea Winters, for the petitioner. Matthew A. Lykken, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, JUDGE: This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) [1] and Rule 180 et seq., Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is *194 set forth below: OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed October 26, 1987, and respondent's Motion To Strike, filed July 20, 1987. A hearing on both motions was held on November 16, 1987 at a trial session of the Court in Dallas, Texas. At the conclusion of the hearing, respondent's motions were taken under advisement. The primary issue for decision is whether the petition was timely filed within the meaning of section 7502. If we find that the petition was not timely filed, then respondent's Motion To Dismiss For Lack Of Jurisdiction will be granted. Additionally, if we grant respondent's motion to dismiss, we will not discuss respondent's Motion To Strike, as that issue will be rendered moot. The notice of deficiency for the 1982 taxable year was mailed to petitioner on February 6, 1987. The 90-day period during which a petition to this Court must be filed expired on Thursday, May 7, 1987 which *195 was not a legal holiday in the District of Columbia. In response to respondent's motion to dismiss, petitioner filed a notice of objection attached to which was a notarized affidavit of an employee of petitioner's counsel. In the affidavit, the office employee described the steps she had taken in mailing the petition. She stated that on May 7, 1987, she placed the petition in a properly addressed envelope with sufficient postage which had been prepared for certified mailing. The envelope was stamped with a private postage meter located in the office. The postmark date was May 7, 1987. Counsel's employee then left the office and at approximately 5:20 p.m. to 5:30 p.m. placed the envelope in a mailbox located outside of the United States Post Office, Spring Valley Station, in Dallas, Texas. The time of the last mail pickup from the mailbox was 5:50 p.m. Because the employee arrived at the Post Office after it closed at 5:00 p.m., she did not obtain a certified mail receipt. The envelope was postmarked by the United States Postal Service on May 8, 1987. The petition was received by this Court at its Washington, D.C. address on May 12, 1987 -- five days after the last date prescribed *196 for timely filing of the petition. Petitioner contends that the petition was timely filed because the five-day interval between deposit in the mailbox and receipt by the Tax Court is a reasonable lapse of time. However, this argument assumes that the controlling postmark is the one made by the private postage meter, not the postmark made by the United States Postal Service. Respondent contends that the petition was not timely filed because the petition was not mailed until the day after the last date prescribed for timely filing of the petition. We agree with respondent. Generally, section 7502 and the attendant regulations provide that timely mailing of a petition will be considered timely filing in certain circumstances. More specifically, however, if the envelope containing the petition has a private meter postmark in addition to a postmark made by the United States Postal Service, the postmark which was not made by the United States Postal Service shall be disregarded. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Moreover, if the postmark made by the United States Postal Service does not bear a date which is on or before the last date prescribed for filing *197 the petition, the petition will be considered not timely filed, regardless of when the petition was deposited in the mail. Sec. 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs. The regulations promulgated by the Commissioner pertaining to privately-metered mail are legislative in nature. They must be given effect unless they are inconsistent with the statute or unless they adopt arbitrary or unreasonable means of carrying out the legislative purpose. Fishman v. Commissioner,51 T.C. 869, 872 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). [2] As noted in Fishman, the regulations do not conflict with the statute since the delegation of rule-making power in section 7502(b) is both broad and unequivocal. Because of the unreliability of the postmark date on metered mail, the requirement in the case of conflicting postmarks that the postmark of the United States Postal Service controls cannot be said to be an arbitrary and unreasonable means of ascertaining the date of delivery. Under the regulations, the United States Postal Service postmark *198 on the envelope containing the petition is controlling. That postmark clearly bore the date May 8, 1987 which was one day after the last day for filing a timely petition. Consequently, the petition was not timely filed as required by section 6213(a). Therefore, respondent's Motion To Dismiss For Lack Of Jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. Hereinafter, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect on the date the notice of deficiency was issued. ↩
2. See also Peter James Enterprises, Inc. v. Commissioner,T.C. Memo. 1978-243↩.