JOSE L. CASTRO AND DIANNE CASTRO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Castro v. Commissioner
Docket No. 17207-93
United States Tax Court
T.C. Memo 1994-530; 1994 Tax Ct. Memo LEXIS 538; 68 T.C.M. (CCH) 1008; October 20, 1994, Filed *538 An order of dismissal for lack of jurisdiction will be entered. Jose L. Castro and Dianne Castro, pro se. For respondent: Ladd C. Brown, Jr.
DAWSON, POWELL DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. The facts are as follows. On April 28, 1993, respondent mailed to petitioners at their last known address, by certified mail, a notice of deficiency in which she determined a deficiency *539 in, and additions to, petitioners' Federal income tax for the taxable year 1990 as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)(A)
Sec. 6662(a)
1990
$ 34,716
$ 10,330
$ 6,943
The petition in this case was received by the Court on August 10, 1993, and was filed on that date. The parties agree that the envelope in which the petition was mailed to the Court bears a private postage meter stamp showing a date of July 26, 1993, and that Miami, Florida, was the place of mailing. The envelope did not have a U.S. Postal Service postmark. Petitioners resided in Coral Gables, Florida, at the time the petition was filed with the Court. Section 6213(a) provides, inter alia, that a taxpayer may file a petition with this Court for a redetermination of a deficiency "Within 90 days * * * after the notice of deficiency * * * is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day)". This time period is jurisdictional, and, if a petition is not timely filed within the 90-day period, this Court must dismiss the petition for lack of jurisdiction. Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966). *540 The Court received the petition in this case 104 days after the notice of deficiency was mailed. Petitioners contend, however, that under section 7502, timely mailing is deemed to be timely filing, and the private postage meter stamp date on the envelope is July 26, 1993, which is 89 days after the notice of deficiency was mailed. Section 7502(a) does provide in certain circumstances that timely mailing is deemed to be timely filing if the envelope bears a U.S. postmark. However, where postmarks are not made by the U.S. Postal Service, the timely mailing rule shall apply "only if and to the extent provided by regulations prescribed by the Secretary." Sec. 7502(b). Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., [2] provides that if privately metered mail, postmarked before the due date, is received within the ordinary delivery period, it shall be considered timely. If mail is not received within the normal delivery period, the taxpayer must establish, inter alia, (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for metered mail) by the United States Post Office on *541 or before the last date * * * prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. [Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.]
Whether mail was received within the normal mailing period is a factual question, and petitioners have the burden of establishing that the 15-day period between the private postage meter stamp date and the date the Court received the petition is the ordinary delivery time between Miami, Florida, and Washington, D.C. Fishman v. Commissioner, 51 T.C. 869, 873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). Petitioners contend, of necessity, that the 15-day period is ordinary for delivery between *542 Miami, Florida, and Washington, D.C. Respondent's witness, who is a manager of transportation for the U.S. Postal Service, however, testified that Postal Service statistical surveys show that between Miami, Florida, and Washington, D.C., 83 percent of mail posted in Miami would be delivered within 3 days and virtually 100 percent within 5 to 6 days. We need not decide the exact number of days that is ordinary for mail sent from Miami, Florida, to Washington, D.C., to be delivered. We think that period is substantially less than the 15-day period involved in this case. Accordingly, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners must establish the date when the petition was actually deposited in the mail and the cause for the delay in delivery. Petitioners point to several recent newspaper articles decrying the condition of the U.S. Postal Service in various areas. We do not find this to be adequate proof of a reason for the delay of this petition. Furthermore, petitioners have not established when the envelope was actually placed in the mail. According to petitioners and their accountant who prepared the petition, petitioners signed the petition *543 on July 23, 1993. It was placed in an envelope and taken across the street to Ortega & Co. to be stamped by Ortega's postmeter. There is no evidence, however, as to the date that the envelope was actually deposited in the mail or by whom. [3]
In sum, petitioners have not established *544 that the petition was timely mailed under sections 6213(a) and 7502. This case must be dismissed for lack of jurisdiction on the ground that the petition was not timely filed. [4]
An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. This regulation has been held valid. Fishman v. Commissioner, 51 T.C. 869, 872-873 (1969), affd. per curiam 420 F.2d 491↩ (2d Cir. 1970).
3. Petitioners rely on Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988). In Rotenberry, however, there was no question as to when the petition actually had been deposited in the mail. Id. at 230. In addition, there was stronger proof of reasons for delay in delivery of the petition. Petitioners attempted to introduce into evidence an unsworn statement from a Mr. Ortega that reads: In reference to the above referred client, please be advised that they mailed the envelope from their office and it was postdated the same day we received it on July 26, 1993.
Putting aside the fact that the statement was not sworn to, it is hearsay. See Fed. R. Evid. 802↩.
4. It should be noted that the question presented here could easily have been avoided if petitioners had used a U.S. Postal Service postmark.↩