**Irving and Helen FISHMAN, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**No. 349, Docket 33705.**

United States Court of Appeals
Second Circuit.

Argued Dec. 16, 1969.

Decided Jan. 7, 1970.

Morton L. Ginsberg, New York City, for petitioners-appellants.

John A. Townsend, Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Dept. of Justice, Washington, D. C., Lee A. Jackson and Thomas L. Stapleton, Washington, D. C., on the brief), for respondent-appellee.

Before FRIENDLY, SMITH and ANDERSON, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the Tax Court of the United States, Charles R. Simpson, *Judge*, dismissing appellants' petition for a redetermination of a tax deficiency (for 1964) as untimely filed and thus for lack of jurisdiction. 51 T.C. 869 (1969). The Commissioner mailed appellants notice of tax deficiency on June 7, 1967. 26 U.S.C. § 6213(a) allows 90 days for a taxpayer to petition the Tax Court for a redetermination of the deficiency, and the 90 days expired on September 5, 1967. Appellants mailed their petition allegedly on September 5, but the *only objective proof of this* was the date on the private postage meter mark on the envelope reading September 5. The letter was received by the Tax Court on Monday, September 11. The earliest the letter could have reached Washington was after business hours on Friday, September 8. The parties stipulated that the ordinary mailing time from New York City to Washington was one day.

The Tax Court held that Treasury Regulation Sec. 301.7502–1(c) (iii) (b)[1] was valid and that thereunder the petition was not timely filed, and dismissed the action.

We affirm the dismissal on the opinion of Judge Simpson in the Tax Court.

---

[1]. Sec. 301.7502–1 *Timely mailing treated as timely filing.*

   \*     \*     \*     \*     \*

  (c) *Mailing Requirements.* (1) \* \* \*

   \*     \*     \*     \*     \*

  (iii) \* \* \*

  (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision.