**Walter N. LINDEMOOD and Clara Lindemood, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Ramona T. GALENO, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 75–2762 and 75–2763.**

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1977.

Gino P. Cecchi (argued), San Francisco, Cal., for petitioners.

Stanley S. Shaw, Jr. (argued), Dept. of Justice, Washington, D. C., for respondent.

Before TRASK, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

The taxpayers in these consolidated cases appeal from orders of the Tax Court dismissing their petitions for redetermination of deficiencies assessed by the Internal Revenue Service (IRS). Because the petitions were not filed within 90 days of the mailing of the notices of deficiency, as required, by 26 U.S.C. § 6213(a)[1] the Tax Court dismissed them for lack of jurisdiction. Pursuant to 26 U.S.C. § 7482, we have jurisdiction to hear the taxpayers' appeals. We affirm the decision of the Tax Court, which is reported at 34 CCH Tax Ct.Mem.Dec. 839 (1975).

On May 10, 1974, the IRS mailed to Walter and Clara Lindemood a notice of deficiency in federal income taxes for the years 1971 and 1972 in the amounts of $1,759.65 and $1,654.85 respectively. Under 26 U.S.C. § 6213(a), the 90-day period within which they could file a timely petition for redetermination with the Tax Court expired on August 8, 1974. The Lindemoods deposited their petition in the United States mails on August 5, 1974, in San Francisco, California. Although the normal delivery time for first-class mail sent from San Francisco to Washington, D. C., is three days, their petition was not received by the Tax Court until August 19, 1974, 101 days after the mailing of the notice of deficiency.

Similarly, on May 7, 1974, the IRS mailed to taxpayer Galeno a notice of deficiency for the year 1972 in the amount of $235.78. Her 90-day period for filing a timely petition expired on August 5, 1974. Although Galeno mailed her petition from San Francisco on August 2, 1974, the Tax Court did not receive it until August 19, 1974, 104 days after the mailing of the notice of deficiency.

Each petition was sent by certified mail, and was stamped with sufficient postage by a private postage meter. The United States Postal Service did not stamp or mark either of the envelopes in which the petitions were mailed or either of the sender's receipts for the certified mailings.

No one disputes that the petitions were mailed within the 90-day period but received after the expiration of this period. Appellants argue that they were entitled to the benefits accorded by 26 U.S.C. § 7502 and its accompanying regulation, 26 C.F.R. § 301.7502–1.

---

1. Title 26 U.S.C. § 6213(a) provides:

"Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

■ Section 7502 itself does not help them.[2] In brief, this section provides that the postmark date of a document required to be filed shall be deemed the date of delivery to the Tax Court. The envelopes containing appellants' petitions were stamped by private postage meters, however. The remedial rule of section 7502 applies "in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary." 26 U.S.C. § 7502(b).

Appellants' case is not strengthened by 26 C.F.R. § 301.7502–1, the regulation promulgated pursuant to this grant of authority.[3]

This regulation provides that privately metered mail showing a date within the 90-day period is considered timely filed if it is received within the normal delivery time for mail postmarked by the United States Postal Service. 26 C.F.R. § 301.7502–1(c)(1)(iii)(b). Since appellants' mail was not received within the normal time for delivery, they cannot profit from this part of the regulation.

The regulation also states that privately stamped documents mailed within the 90-day period but received after the normal time for delivery are deemed timely filed if the taxpayer establishes three facts:

2.  In pertinent part, 26 U.S.C. § 7502 provides: "(a) General rule.
    (1) Date of delivery. If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.
    (2) Mailing requirements. This subsection shall apply only if—
      (A) the postmark date falls within the prescribed period or on or before the prescribed date—
      (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or
      (ii) for making the payment (including any extension granted for making such payment), and
      (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.
    (b) Postmarks.
      This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.

3.  The pertinent part of this regulation, 26 C.F.R. § 301.7502–1(c)(1)(iii)(b), provides:
    "If the postmark on the envelope or wrapper is made other than by the U. S. Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the U. S. Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the U. S. Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the U. S. Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the U. S. Post Office in addition to the postmark not so made, the postmark which was not made by the U. S. Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a) of this subdivision."

"(i) that [the document] was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the U. S. Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay." 26 C.F.R. § 301.7502–1(c)(1)(iii)(b).

The Tax Court found that appellants had established the first two of these elements but that they had not shown the cause of the delay in receiving their petitions. Therefore, the Court dismissed the cases for lack of jurisdiction.

■ We agree with the Tax Court. The regulation states explicitly that the taxpayer must establish the cause of the delay in the receipt of his document. It leaves no room for exceptions or judicial interpretation. Appellants' argument that it is sufficient that they showed the delay was not their fault is contrary to the plain meaning of the regulation. A similar argument was rejected in *Irving Fishman*, 51 T.C. 869 (1969), *aff'd. per curiam*, 420 F.2d 491 (2d Cir. 1970).

Appellants also argue that this result is harsh. We agree. The requirement of proving the cause of delay places an almost impossible burden upon the taxpayer. Given the vagaries of the postal system, a taxpayer seldom will be able to prove why his letter was delayed.

■ But, this regulation is well within the statutory scheme established by Congress. Congress could have required all documents to be filed within the strict 90-day limit of 26 U.S.C. § 6213(a). In enacting 26 U.S.C. § 7502 and authorizing the promulgation of 26 C.F.R. § 301.7502–1, it recognized that some relief from an arbitrary time period was appropriate. In section 301.7502–1, the Secretary of the Treasury attempted to provide relief designed to counter the potential ability of the user of a private postage meter to abuse the good intentions of 26 U.S.C. § 7502 by applying any postmark convenient for his purposes. Treasury regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes . . . ." *Commissioner of Internal Revenue v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948). Although it is difficult to see what assurance of timely mailing is found in knowing the precise cause of the delay within the postal system, we are unable to find the required "weighty reasons," *id.*, for overruling this Treasury regulation.

■ Finally, appellants argue that they were entitled to rely on 26 C.F.R. § 301.-7502–1(c)(2), which provides that "[i]f the document is sent by U. S. certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the U. S. postmark on such receipt shall be treated as the postmark date of the document." But since the sender's receipts for appellants' documents were not marked by a postal employee, this regulation is inapplicable.

AFFIRMED.