ESTATE OF WILLIAM LaVERNE REINERS, DECEASED, DONALD DeGIER, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Reiners v. Commissioner
Docket No. 12319-80.
United States Tax Court
T.C. Memo 1981-275; 1981 Tax Ct. Memo LEXIS 472; 42 T.C.M. (CCH) 15; T.C.M. (RIA) 81275; June 1, 1981. *472 The petition in this case was mailed on June 30, 1980 in an envelope postmarked by a private postage meter. On July 8, 1980, 8 days later, the petition was received and filed at the United States Tax Court. Held, under sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., the petition was not received in the time ordinarily required for the delivery of a document properly mailed on the last day for its filing. Therefore, the petition was not timely filed. Dewey M. Nelson, for the petitioner. Scott A. Taylor, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is presently before the Court on respondent's motion to dismiss for lack of jurisdiction. The sole issue for our decision is whether the petition in the instant case should be considered timely filed pursuant to sections 6213 and 7502, I.R.C. 1954, even though it was received by this Court beyond the 90-day statutory period. A hearing on the motion was held in St. Paul, Minnesota on March 16, 1981. At *474 the conclusion of the hearing, the Court took the motion under advisement. Petitioner Donald DeGier, administrator of the Estate of William LaVerne Reiners, resided in Starbuck, Minnesota at the time the petition herein was filed. By notice of deficiency dated Monday, March 31, 1980 respondent determined a deficiency in petitioner's estate tax of $ 28,806.29. The 90th day from the date the notice was mailed was Sunday, June 29, 1980. Counsel for petitioner mailed the petition in a prepaid, correctly addressed envelope that was stamped with a valid postmark of a private postage meter dated June 30, 1980. Taxpayer's petition was received by this Court and was filed herewith on July 8, 1980. Respondent contends that petitioner did not file its petition within the statutory period prescribed in section 6213 so as to confer jurisdiction on this Court. See Rule 13(c), Tax Court Rules of Practice and Procedure (jurisdiction of the Court depends on timely filing of a petition according to sections 6213 and 7502). Section 6213(a) [1] provides that a taxpayer may file a petition with this Court for a redetermination of an asserted deficiency within 90 days after the statutory notice *475 of deficiency is mailed. However, in computing any period of time prescribed by the Code, if the last day of the period falls on a Saturday, Sunday or legal holiday in the District of Columbia, the period shall continue through the end of the next day which is not a Saturday, Sunday or such legal holiday. See section 7503 and 301.7503-1, Proced. & Admin. Regs.; Rule 25, Tax Court Rules of Practice and Procedure. In the instand case, the 90th day fell on June 29, 1980, which was a Sunday. Therefore, the last day on which petitioner could file its petition was Monday, June 30, 1980. Since the petition was postmarked on June 30, 1980, we will hold that this Court has jurisdiction if we find that the date of filing relates back to the date of mailing. *476 Generally, if a petition is received within the 90-day period, it is deemed filed on the date of receipt. If, on the other hand, a petition is received after the 90-day period has passed, the petition is deemed filed when mailed if the requirements of section 7502(a) are satisfied. Stotter v. Commissioner, 69 T.C. 896, 897 (1978). Under section 7502(a)(2), the postmark date must fall within the prescribed period for filing, and the petition must be deposited in the mail in the United States in a properly addressed, postage-prepaid envelope. [2]
*477 However, Congress was aware of the potential for abuse of this rule by users of private postage meters and granted authority to the Secretary of the Treasury in section 7502(b) to promulgate regulations dealing with this problem. See generally Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Stotter v. Commissioner, supra at 897. The regulations provide in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., for the requirements to be met in the case of a postmark made by a private postage meter. [3] That section requires that the private meter postmark must bear a date on or before the last day prescribed for filing the petition, and the petition must be received within the time in which a properly addressed, postage-prepaid envolope sent by the same class of mail would ordinarily be received. If the latter requirement is not satisfied, then the petitioner, in order to prevail, must prove (1) that the petition was actually deposited in the mail before the last time for collection of the mail on the last day prescribed for filing; (2) that the delay in receiving the document was due *478 to a delay in the transmission of the mail; and (3) the cause of such delay. *479 First, respondent contends that notwithstanding the fact that the postmark date indicates timely mailing, the petition was not received at the Tax Court in Washington, D.C. within the time ordinarily required for the delivery of an envelope mailed from Morris, Minnesota on June 30, 1980. To support such condition, resondent relies on the testimony of the Director of Mail Processing, United States Postal Service, for the district that includes Minnesota. The witness testified that it was the goal of the Postal Service to deliver mail from Morris, Minnesota to Washington, D.C. in 3 days. Random sampling surveys performed by the Postal Service indicate that for stamped mail (where the Postal Service applies the postmark), 95 percent was delivered in 3 days and 100 percent was delivered in 4 days; for metered mail (where the customer applied a metered postmark), 87 percent was delivered in 3 days and the same 87 percent applied in 4 days. Therefore, a properly addressed, postage-prepaid letter, in the view of the witness, should have arrived by Thursday, July 3, 1980. As the petition at issue herein was not delivered until July 8, 1980, we cannot accept petitioner's contention that *480 it arrived within the time ordinarily required for delivery of a document properly mailed on the last day for its filing. Hence, for petitioner to come within the requirements of the regulation, it must show that it satisfies the three parts of the alternative rule: actual timely deposit, delay due to transmission, and cause of the delay. Petitioner put forth as a witness the paralegal in the office of petitioner's attorney who testified that she personally mailed the petition before the close of business on Monday, June 30, 1980. We do not doubt the veracity of the witness's testimony. However, we note that petitioner has not put forth any testimony with respect to proving that the delay in receiving the petition was due to a delay in transmission of the mail or with respect to the cause of the delay. [4] Therefore, we are compelled to find that petitioner did not comply with the requirements of the regulation and that filing was untimely. *481 We realize that the regulations set out requirements that are difficult to satisfy and that the result thereunder is often a harsh one. "The requirement of proving the cause of delay places an almost impossible burden upon the taxpayer. Given the vagaries of the postal system, a taxpayer seldom will be able to prove why his letter was delayed." Lindemood v. Commissioner, supra at 649. However, we have declared the regulations under section 7502(b) to be consistent with the terms of the statute and not arbitrary, unreasonable or contrary to the legislative purpose. Fishman v. Commissioner, 51 T.C. 869, 872 (1969), affd. 420 F.2d 491 (2d Cir. 1970). While we are not happy with the result, we must find that we do not have jurisdiction. An appropriate order will be entered. Footnotes
1. Sec. 6213 provides in pertinent part: SEC. 6213. RESTRICTIONS APPLICABLE TO DEFICIENCIES: PETITION TO TAX COURT. (a) Time for Filing Petition and Restriction on Assessment.--Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *↩
2. Sec. 7502 provides as follows: SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. (b) Postmarks.--This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.↩
3. The pertinent language in sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., provides as follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2↩) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * *
4. Petitioner relies on the testimony of the postal employee on cross-examination that a certain small percentage of mail was not timely delivered due to mishandling of the mailbags or sending the mailbags to the wrong destination. However, we note that the witness also testified that, while the Postal Service does make errors and does misdirect mail, he could "not think of any reason why we would have a letter postmarked June 30th at Morris that would not arrive at its destination until July 8th."↩