MICHAEL C. HECHTMAN AND BARBARA D. HECHTMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hechtman v. Commissioner
Docket No. 19024-89
United States Tax Court
T.C. Memo 1990-326; 1990 Tax Ct. Memo LEXIS 339; 59 T.C.M. (CCH) 1035; T.C.M. (RIA) 90326; June 27, 1990, Filed *339 An appropriate order of dismissal for lack of jurisdiction will be entered. *340 Michael C. Hechtman, pro se. Tanya Marcum, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction. Petitioners filed a timely objection after being served with notice, and requested that the motion be heard in Detroit, Michigan. We calendared respondent's motion for hearing at the trial session beginning November 13, 1989, in Detroit, Michigan. *341 The case was called from the calendar, and the parties appeared and were heard. The facts in this case are as follows. Respondent issued, by certified mail, a notice of deficiency to petitioners on April 21, 1989, in which he determined a deficiency in petitioners' Federal income tax for 1981 in the amount of $ 13,931, together with additions to tax under sections 6653(a)(1), 6653(a)(2), and 6659, in the respective amounts of $ 697, 50 percent of the interest due on the underpayment of $ 13,931, and $ 4,179. The petition seeking a redetermination of the deficiency in income tax and additions to tax was received by the Court on July 31, 1989, and filed on that date. The envelope in which the petition was received by the Court was properly addressed, postage pre-paid, and it bears a clearly legible private postage meter stamp date which reads "TROY, MICH. - JUL 14 '89." There is no indication on the envelope containing the petition that it was deposited in the mails of the United States Postal Service at Troy, Michigan on July 14, 1989. The 90-day period for timely filing of the petition with this Court pursuant to section 6213(a) expired on Thursday, July 20, 1989, which date *342 was not a legal holiday in the District of Columbia. The petition was filed with the Court on July 31, 1989, which date is 101 days after the mailing of the notice of deficiency, and 17 days from the date of the private postage stamp meter. The parties agree that the normal mail delivery time for properly addressed mail with the United States Postal Service mark on the envelope from Troy, Michigan, zip code 48084 to Washington, D.C., zip code 20217, is two days. In his motion respondent contends that we dismiss this case as the petition was not timely filed within the time prescribed by sections 6213(a) and 7502(b), and the regulations thereunder. Petitioners in their objection to the motion claim that the envelope which contained the petition affixed with the private postage meter, was timely placed in the United States Postal Service mail on July 14, 1989, six days before the expiration of the 90-day period, and presumably the delay in receiving the petition was due to the United States Postal Service. Petitioners further contend that the notice of deficiency was not mailed to them on April 21, 1989. In this case, Ms. Susan H. Cooley typed the petition on her word processor *343 on July 14, 1989. Consequently, after petitioner-husband signed the petition and cover letter, Ms. Cooley placed the petition and letter in an envelope properly addressed to the Clerk, United States Tax Court. At the end of the business day, July 14, 1989, the envelope was weighed and postage was affixed by use of the private postage meter. Thereafter, the envelope was deposited in the postal service mail receptacle located at 3250 West Big Beaver, Troy, Michigan, the office building in which petitioner-husband maintained his legal office, on July 14, 1989. The actual physical depositing of the envelope in the mail was performed by Ms. Cooley in the presence of petitioner-husband. Given the fact that the normal mail delivery time between Troy, Michigan, and Washington, D.C. is two days, the envelope containing the petition should have reached Washington, D.C. by Sunday, July 16, 1989. However, there is no delivery to the Court on Sunday so the envelope should have reached us by Monday, July 17, 1989, the third day after mailing, or on Tuesday, July 18, 1989, the fourth day after mailing, but certainly no later than Thursday, July 20, 1989, the sixth day after mailing and the date *344 of the expiration of the 90-day period. A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. Sec. 6213(a). Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Stone v. Commissioner, 73 T.C. 617, 618 (1980); Cassell v. Commissioner, 72 T.C. 313, 316-317 (1979); Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966). Under this statute, in order to be timely filed, a petition must be received at Court in Washington, D.C., on or before the 90th day. It is clear that the petition was not so received. However, section 7502(a) provides that if the envelope or wrapper containing the petition bears a United States postmark date which is on or before the last day for filing, the postmark date will be deemed to be the filing date. The date on which the envelope was actually placed in a United States Postal Service box *345 is not the date of filing under section 7502(a). Estate of Moffat v. Commissioner, supra at 501. Here, the envelope in which the petition was received bears no postmark placed thereon by the United States Postal Service, but does bear a private metered mail stamp which has a date of July 14, 1989 on it. In such circumstance, we must proceed to section 7502(b), which mandates -- This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.
Thus, following the mandate, and to resolve the controversy herein, we next turn to section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Reg., which sets forth the conditions under which section 7502 applies to privately metered mail. This regulation provides that privately metered mail showing a date within the 90-day period (which is the situation herein) is considered timely filed if it is received within the ordinary delivery time for mail postmarked at the same place of origin by the United States Postal Service. The regulations under section 7502(b) have been held to be valid. Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), *346 affg. a Memorandum Opinion of this Court; Fishman v. Commissioner, 51 T.C. 869, 872-873 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). Whether the petition was received at the Tax Court in the ordinary delivery time is purely a factual question. Stotter v. Commissioner, 69 T.C. 896, 899 (1978); Leventis v. Commissioner, 49 T.C. 353, 355 (1968).As the trier of fact, we must evaluate the evidence in the light of our own "experience with the mainsprings of human conduct to the totality of the facts of each case." Commissioner v. Duberstein, 363 U.S. 278, 289 (1960).The burden of proving that the Court has jurisdiction is on petitioners although the Court has extended its Rules on when and what kind of evidence can be received in the determination. Cassell v. Commissioner, supra at 317-318. In cases where we have maintained jurisdiction, the envelope stamped with the private postage meter bore a date that was on or before the last date for filing a timely petition, and the petition was received by the Court not later than the time when an envelope properly addressed, *347 mailed, and postmarked by the United States Postal Service would ordinarily have been received by the Court. See Stotter v. Commissioner, supra, where a Philadelphia, Pennsylvania mailing was received and filed three days beyond the 90-day period; Leventis v. Commissioner, supra, where a Columbia, South Carolina mailing was received and filed three days after the expiration of the 90-day period; Booher v. Commissioner, T.C. Memo. 1983-193, where a Houston, Texas mailing was received and filed five days after the expiration of the 90-day period; and Guerra v. Commissioner, T.C. Memo. 1983-21, where a McAllen, Texas mailing was received and filed four days beyond the prescribed period. Since petitioners' mail was not received within the ordinary time for delivery, the regulations and the case law require petitioners to establish three facts: (i) that it [the document] was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, *348 prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay.
Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.; Lindemood v. Commissioner, supra,; Fishman v. Commissioner, supra.
Here, petitioners have not met their burden. They have shown only that the envelope containing the petition was deposited in the mail before the 90-day period expired. They have not presented any evidence to show that the delay in receiving the document was due to a delay in the transmission and the cause of such delay. We are mindful that this result is harsh, but as the Court stated in Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. a Memorandum Opinion of this Court: The regulation states explicitly that the taxpayer must establish the cause of the delay in the receipt of his document. It leaves no room for exceptions or judicial interpretation. Appellants' argument that it is sufficient that they showed the delay was not their fault is contrary to the plain meaning of the regulation. *349 A similar argument was rejected in Irving Fishman, 51 T.C. 869 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). * * * The requirement of proving the cause of delay places an almost impossible burden on the taxpayer. Given the vagaries of the postal system, a taxpayer seldom will be able to prove why his letter was delayed. * * * In enacting 26 U.S.C. § 7502 and authorizing the promulgation of 26 C.F.R. § 301.7502-a, it [Congress] recognized that some relief from an arbitrary time period was appropriate. In section 301.7502-1, the Secretary of the Treasury attempted to provide relief designed to counter the potential ability of the user of a private postage meter to abuse the good intentions of 26 U.S.C. § 7502 by applying any postmark convenient for his purposes.
Finally, petitioner-husband testified that the notice of deficiency addressed to them was not in the envelope mailed by respondent on April 21, 1989. They claim that the envelope which they received contained a notice of deficiency dated March 21, 1989, addressed to another taxpayer. Thereupon, they promptly *350 communicated with the appeals officer who then mailed petitioners a notice of deficiency addressed to them. Petitioners claim that the 90-day period provided by section 6213(a) should begin to run when they received their notice subsequent to April 21, 1989. The appeals officer who testified at the hearing had no recollection of the alleged mix-up. On the record, we find that petitioners have not established by clear and convincing evidence that they did not receive a notice of deficiency mailed on April 21, 1989 addressed to them. Furthermore, assuming they had met their burden, a notice of deficiency actually and physically received by a taxpayer is valid under section 6212(a) if it is received in sufficient time to permit the taxpayer, without prejudice, to file a petition in the Tax Court. Frieling v. Commissioner, 81 T.C. 42, 53 (1983); Mulvania v. Commissioner, 81 T.C. 65 (1983).Here petitioners received their notice of deficiency dated April 21, 1989, in sufficient time to permit them to file a timely petition with the Court. We, however, find that they did not do so. To reflect the foregoing, An appropriate order of dismissal *351 for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩