ROY L. AND PATIANN MISSKELLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Misskelley v. Commissioner
Docket No. 17438-93
United States Tax Court
T.C. Memo 1994-299; 1994 Tax Ct. Memo LEXIS 302; 67 T.C.M. (CCH) 3149; June 28, 1994, Filed *302 An order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed will be entered. For petitioners: Roy Lester Misskelley, pro se and Tim D. Brewer (specially recognized) For respondent: LaVonne Lawson. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was heard by Special Trial Judge Stanley J. Goldberg, pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Lack of Jurisdiction. Respondent seeks dismissal on the ground that the petition was untimely filed. Petitioners, in their objection to respondent's motion, allege that the petition was deposited *303 in the mail before the expiration of the 90-day period for filing, and therefore was timely filed. Petitioners resided in San Carlos, California, when they filed their petition. In a notice of deficiency dated April 26, 1993, and mailed by certified mail on April 26, 1993, respondent determined a deficiency in petitioners' Federal income tax for taxable year 1988 in the amount of $ 7,928, and additions to tax under sections 6653(a)(1) and 6661 in the amounts of $ 396.40 and $ 1,982, respectively. The period for timely filing the petition with this Court pursuant to section 6213(a) expired on Monday, July 26, 1993, which date was not a legal holiday in the District of Columbia. The envelope in which the petition was mailed is addressed to the Court at "400 Second St. N.W., Washington, D.C. 20212". [2] The envelope bears a private postage meter stamp date which appears to read "SANTA CLARA, CA - JUL 25 '93". The petition was received by U.S. mail and filed by the Clerk of the Court on August 13, 1993, which date is 109 days after the mailing of the notice of deficiency, and 19 days after the postage-meter stamp date. *304 Respondent contends that we should dismiss this case as the petition was not timely filed within the time prescribed by section 6213(a) and section 7502(b) and the regulations thereunder. Petitioners, in their objection to the motion, claim that the envelope containing the petition and stamped by private postage meter was timely placed in the U.S. mail on July 25, 1993. They argue that the late delivery to the Court was due to some unexplained delay in processing the mail on the part of the U.S. Postal Service. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Sec. 6213; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). The burden of proving that this Court has jurisdiction is upon petitioners. Cassell v. Commissioner, 72 T.C. 313, 317-318 (1979); Harold Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977). A petition for redetermination of a *305 deficiency must be filed with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed to a taxpayer. Sec. 6213(a). The time provided for filing a petition is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the case be dismissed for lack of jurisdiction. Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Stone v. Commissioner, 73 T.C. 617, 618 (1980); Cassell v. Commissioner, supra; Estate of Moffat v. Commissioner, 46 T.C. 499, 501 (1966). Under section 6213(a), in order to be timely filed, a petition must be received at the Court in Washington, D.C., on or before the 90th day. It is clear that the petition was not so received. However, a petition mailed to the Court that is received and filed outside the prescribed period will be deemed to have been timely filed if certain statutory requirements are met. Sec. 7502; Blank v. Commissioner, 76 T.C. 400, 403 (1981); Estate of Cerrito v. Commissioner, supra; *306 Stone v. Commissioner, supra.
Section 7502(a) provides that if the envelope or wrapper containing the petition was properly addressed to the Court [3] and bears a United States postmark date which is on or before the last day for filing, the postmark date will be deemed to be the filing date. The date on which the envelope was actually placed in a U.S. Postal Service box is not the date of filing under section 7502(a). Estate of Moffat v. Commissioner, supra.
Petitioners' certified public accountant, Tim D. Brewer (Mr. Brewer), testified that he put the postage meter stamp on the envelope containing the petition and deposited it in a mail box outside his office on Sunday, July 25, 1993. The return address on the envelope is: Tim D. Brewer, Certified Public Accountant, 1871 The Alameda, Suite 100, San Jose, California 95126. Mr. *307 Brewer told the Court that he had experienced delays of up to 3 weeks in mail delivery for items mailed from his office to other clients in San Jose during April, May, and June of 1993. However, petitioners offered no evidence as to general delays in transmission of mail between San Jose or Santa Clara, California, and Washington, D.C., during the relevant period, nor any evidence as to the cause of delay in delivery to the Court of the envelope containing the petition. The envelope in which the petition was received bears no postmark placed thereon by the U.S. Postal Service. Thus, there is no indication on the envelope that it was deposited in the mails of the U.S. Postal Service at Santa Clara, California, on July 25, 1993, the place and date shown by the private postage-meter stamp. In such circumstance, we must proceed to section 7502(b), which provides: This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.
Detailed regulations implementing section 7502(b) have long been in effect. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., sets *308 out two alternative methods by which a taxpayer may be able to obtain the benefits of section 7502 in the case of privately metered mail. Under the first method, the regulations provide that privately metered mail showing a date within the 90-day period is considered timely filed if it is received within the ordinary delivery time for mail postmarked at the same place of origin by the U.S. Postal Service. Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Whether the petition was received at the Tax Court in the ordinary delivery time is a factual question. Stotter v. Commissioner, 69 T.C. 896, 898 (1978); Leventis v. Commissioner, 49 T.C. 353, 355 (1968). In this case petitioners have produced no evidence of the ordinary delivery time between Santa Clara or San Jose, California, and Washington, D.C. The petition reached the Court and was filed on the 19th day after the postage-meter stamp date. On this record, we cannot find that the petition was received within the ordinary time for delivery. Under the second method, the regulations and the case law require petitioners to establish three facts: (i) that *309 it [the document] was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay.
Sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.; Lindemood v. Commissioner, 566 F.2d 646, 648-649 (9th Cir. 1977), affg. per curiam T.C. Memo. 1975-195; Fishman v. Commissioner, 51 T.C. 869, 871 (1969), affd. per curiam 420 F.2d 491 (2d Cir. 1970). Petitioners have not met their burden of proof under this method. They allege only that the envelope containing the petition was deposited in the mail on the 90th day. Petitioners have presented no evidence to show that the delay in receiving the document was due to a delay in the transmission, nor have they presented any evidence of the cause of any such delay. As the Court of Appeals *310 stated in Lindemood v. Commissioner, 566 F.2d at 649: The regulation states explicitly that the taxpayer must establish the cause of the delay in the receipt of his document. It leaves no room for exceptions or judicial interpretation. Appellants' argument that it is sufficient that they showed the delay was not their fault is contrary to the plain meaning of the regulation. A similar argument was rejected in Irving Fishman, 51 T.C. 869 (1969), affd. per curiam, 420 F.2d 491 (2d Cir. 1970). Appellants also argue that this result is harsh. We agree. The requirement of proving the cause of delay places an almost impossible burden upon the taxpayer. Given the vagaries of the postal system, a taxpayer seldom will be able to prove why his letter was delayed. But, this regulation is well within the statutory scheme established by Congress. Congress could have required all documents to be filed within the strict 90-day limit of 26 U.S.C. sec. 6213(a). In enacting 26 U.S.C. sec. 7502 and authorizing the promulgation *311 of 26 C.F.R. sec. 301.7502-1, it recognized that some relief from an arbitrary time period was appropriate. In section 301.7502-1, the Secretary of the Treasury attempted to provide relief designed to counter the potential ability of the user of a private postage meter to abuse the good intentions of 26 U.S.C. sec. 7502 by applying any postmark convenient for his purposes. * * *
The petition was received by the Court after expiration of the statutory filing period, and petitioners failed to prove the facts necessary under the regulations to establish timely filing by mail where no U.S. postmark is present on the envelope containing the petition. Therefore, the case must be dismissed for lack of jurisdiction. This result could have easily been avoided if the petition had been mailed by certified or registered mail on or before July 26, 1993. The use of certified or registered mail could have guaranteed that the petition would be treated as timely. See sec. 7502(c); sec. 301.7502-1(c)(2), Proced. & Admin. Regs. Furthermore, had the envelope merely been postmarked by the U.S. Postal Service on or before July 26, 1993, the petition would *312 have been treated as timely filed. See sec. 7502(a). Based on the foregoing, respondent's Motion To Dismiss For Lack of Jurisdiction will be granted. An order of dismissal for lack of jurisdiction on the ground that the petition was not timely filed will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that the correct zip code is 20217.↩
3. We assume, without deciding, that the envelope herein was properly addressed in spite of the erroneous zip code.↩