IAN A. GRASSAM AND JANET M. GRASSAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grassam v. Commissioner
Docket No. 18919-92
United States Tax Court
T.C. Memo 1994-504; 1994 Tax Ct. Memo LEXIS 518; 68 T.C.M. (CCH) 911; October 12, 1994, Filed *518 An order granting respondents motion and dismissing this case for lack of jurisdiction will be entered. For petitioners: David S. Meisel. For respondent: Alison W. Lehr. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. The issue for decision is whether Ian A. Grassam and Janet M. Grassam filed their petition for redetermination within the 90-day period prescribed by sections 6213(a) and 7502. Background
On March 24, 1992, *519 respondent mailed a notice of deficiency to petitioners. In the notice, respondent determined deficiencies in petitioners' Federal income taxes, as well as additions to tax under sections 6653(b) and 6661, for the taxable years 1980 through 1983. There is no dispute regarding the date on which the notice of deficiency was mailed to petitioners. There is also no dispute regarding the fact that the notice of deficiency was mailed to petitioners at their last known address. Petitioners filed a petition for redetermination with this Court on Monday, August 24, 1992, which date is 153 days after the mailing of the notice of deficiency. The petition, which was signed by petitioners' counsel and dated June 18, 1992, was mailed to the Court in a properly addressed envelope bearing a private postage meter postmark date of Thursday, June 18, 1992. Included with the petition was a check dated June 18, 1992, in the amount of $ 60 to cover petitioners' filing fee. The envelope in which the petition was mailed to the Court is not torn, damaged, or unusually soiled, nor does it appear to have been abused. Affixed to the envelope are a certified mail sticker and the "anchors" for a domestic *520 return receipt (PS Form 3811). [2] No markings or imprints appear on the envelope, other than the docket number of this case, which was placed on the envelope by personnel of the Court's Petitions Section. The petition was mailed to the Court from Jupiter, Florida. [3] The ordinary delivery time in June 1992 for a properly addressed envelope from Jupiter, Florida, to Washington, D.C., was 2 to 3 days. The months of June, July, and August 1992 were low volume months for the Postal Service. Accordingly, mail was processed faster during those months than during other months *521 of the year. Specifically regarding the period from June 18 to August 24, 1992, there was no reason for any delay in the mail from Jupiter, Florida, to Washington, D.C., unless insufficient postage was affixed to an envelope, or an envelope was improperly addressed, or an envelope was torn up or otherwise damaged in processing. Mail which is misdirected or delayed in delivery is generally, but not always, marked by the Postal Service with an appropriate explanation on the envelope. Respondent bases her Motion to Dismiss for Lack of Jurisdiction on the ground that petitioners failed to file their petition within the time prescribed by section 6213(a) or section 7502. Petitioners filed an Objection to respondent's motion and attached thereto affidavits by petitioners' counsel and his secretary, as well as various exhibits. The affidavits describe the preparation of both the petition and the envelope in which it was mailed. Attached to the affidavit submitted by petitioners' counsel are copies of his desk calendar and diary with notations regarding the need to prepare and file the petition in question. The secretary's affidavit states that on June 18, 1992, at approximately 3:50 *522 p.m., she personally placed the petition in the U.S. Postal Service mailbox at 1001 U.S. Highway 1 in Jupiter, Florida. In lieu of an evidentiary hearing, the parties elected to submit this matter based on a stipulation of facts and memorandum briefs. The stipulation included essentially the same affidavits and exhibits previously attached to petitioners' Objection, as well as additional material, specifically including an affidavit from the individual who was the plant manager of the U.S. Post Office in West Palm Beach, Florida, in 1992. [4]
Discussion
This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Pugsley v. Commissioner, 749 F.2d 691, 692 (11th Cir. 1985); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Monge v. Commissioner, 93 T.C. 22, 27 (1989); *523 Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Once the Commissioner mails a notice of deficiency to a taxpayer at the taxpayer's last known address, section 6213(a) provides that the taxpayer must file a petition with this Court within 90 days (or within 150 days if the notice of deficiency is mailed to the taxpayer outside of the United States). In certain circumstances, section 7502 provides that a timely mailed petition will be treated as though it were timely filed. Where, as here, the postmark in question is made by a private postage meter, the provisions implementing the "timely mailing/timely filing" rule are contained in section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. That section provides in pertinent part as follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an *524 envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. * * * [Emphasis added.]
The validity of this regulation has been upheld. Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), *525 affg. T.C. Memo. 1975-195; Fishman v. Commissioner, 420 F.2d 491, 492 (2d Cir. 1970), affg. 51 T.C. 869 (1969). The notice of deficiency in the present case was mailed to petitioners on March 24, 1992. Consequently, the 90-day period for filing a timely petition with this Court expired on Monday, June 22, 1992. Although the envelope in which the petition was mailed to the Court bears a private postage meter postmark date of June 18, 1992, a date within the 90-day period, the envelope was not received by the Court until August 24, 1992, more than 2 months after it was purportedly mailed. Obviously, the petition was not received by the Court within the normal delivery time for mail posted from Jupiter, Florida, to Washington, D.C. Consequently, under section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners must establish that (1) The envelope bearing the petition was actually deposited in the mail in a timely fashion, that (2) the delay in receiving the envelope was due to a delay in the transmission of the mail, and (3) the cause of such delay. Based on the record presented, we hold *526 that petitioners have failed to satisfy their burden of proof. The proof submitted is limited to the affidavits submitted by petitioners' counsel and his secretary. These affidavits and related exhibits focus principally on the preparation of the petition and the envelope in which it was mailed. The secretary states in her affidavit that she "personally deposited the envelope in the U.S. Mailbox located just outside the office building at 1001 U.S. Highway One in Jupiter, Florida at approximately 3:50 o'clock P.M." on June 18, 1992. Even if petitioners are deemed to have satisfied the timely mailing requirement of the three-prong test of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., there is no evidence in the record demonstrating either that the delay in receiving the envelope was due to a delay in the transmission of the mail or the cause of any such delay. We recognize that there has been unfavorable publicity in recent months about the quality of service offered by the U.S. Postal Service. However, we are not willing to declare, based on newspaper articles and other media accounts, that the mail service in this country is so unreliable that the obvious policy *527 considerations underlying the private postmeter rule of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., should be abrogated in favor of some open-ended rule favoring users of private postmeters. [5] *528 Additionally, and even more fundamentally, what persuades us in this case is the specific record that has been developed about the state of the mail between Jupiter, Florida, and Washington, D.C., during the summer months of 1992. In this regard, the uncontroverted facts establish that the mail was being efficiently transported, and there is no evidence that the specific envelope in question was mishandled by the Postal Service. Indeed, the present condition of that envelope suggests that it was handled properly. Petitioners rely heavily on Rotenberry v. Commissioner, 847 F.2d 229 (5th Cir. 1988). In that case, the taxpayers mailed their petition from Houston, Texas, in the early evening of the 90th day. The envelope containing the petition bore a timely private postmeter postmark. Eight days later, on December 31, 1985, the petition was delivered to the Tax Court. In reversing this Court, the Court of Appeals held that -- The cause-of-delay element *529 may be satisfied if the taxpayer offers adequate proof of reasons for delays in the processing and handling of the mail generally between the receiving station and the addressee during the critical days involved. The proof offered need not specifically pinpoint the item of mail in question. [Id. at 233-234; emphasis added.]
The Court of Appeals concluded that the taxpayers satisfied this standard where uncontroverted evidence included the following: (1) the dramatic increase in the volume of holiday mail; (2) the mailing by the IRS of 87 million tax return forms on December 27, 1985; (3) the recognized proclivity of some post office employees to take time off, leave early, and work less diligently during the holidays; (4) the addition of temporary postal employees during the holiday rush with their known deficiencies in accuracy and efficiency; (5) the heavy airline passenger traffic during the holidays, requiring that mail be pulled off flights and held for later flights, causing mail handling delays at Houston Intercontinental Airport of up to 48 hours; (6) the inclement weather during the critical period and the adverse effect it *530 had on travel in the District of Columbia * * * [Id. at 232-233.]
We think that Rotenberry is clearly distinguishable on its facts. The present case shares none of the facts enumerated above that influenced the Court of Appeals. Indeed, petitioners offered no proof "for delays in the processing and handling of the mail generally between the receiving station and the addressee during the critical days involved." To the contrary, the evidence points in the other direction. The months of June, July, and August 1992 were low volume months for the Postal Service, and mail was processed faster during those months than during other months of the year. Specifically regarding the period from June 18 to August 24, 1992, there was no reason for any delay in the mail from Jupiter, Florida, to Washington, D.C., unless insufficient postage was affixed to an envelope, or an envelope was improperly addressed, or an envelope was torn up or otherwise damaged in processing. However, the envelope in which the petition was mailed to the Court is not torn, damaged, or unusually soiled, nor does it appear to have been abused. In addition, there are no markings *531 or imprints on the envelope suggesting that it had been misdirected or delayed in delivery by the Postal Service. Because of the paucity of evidence adduced by petitioners, even the Court of Appeals' more liberal interpretation of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., affords them no relief, because the result we reach would not change even if we were to adopt the Court of Appeals' view. See Abney v. Commissioner, T.C. Memo. 1990-255. We need not, therefore, decide whether we agree with the Court of Appeals' interpretation of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. [6] See MacArthur v. Commissioner, T.C. Memo. 1992-590. *532 Nor do we accept petitioners' half-hearted invitation to declare section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., invalid. As previously indicated, the validity of the regulation has been sustained. See Lindemood v. Commissioner, 566 F.2d 646, 649 (9th Cir. 1977), affg. T.C. Memo. 1975-195; Fishman v. Commissioner, 420 F.2d 491, 492 (2d Cir. 1970), affg. 51 T.C. 869 (1969). We also reject petitioners' contention that the regulation denies them due process of law because it requires them "to bear an impossible burden of providing evidence of the 'cause of delay' by the U.S. Post Office [which] imposes an 'irrebuttable or conclusive presumption'". Although we recognize that section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., imposes a difficult burden, we do not think that it is an impossible one. In addition, and as discussed above, under the Court of Appeals' more liberal interpretation of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., petitioners would still not prevail on the merits. Obviously, it cannot be said that the burden *533 of proof is "impossible" under the Court of Appeals' view of the regulation because the taxpayers prevailed in the Rotenberry case. Also relevant are the provisions of section 301.7502-1(c)(2), Proced. & Admin. Regs. Those provisions offer taxpayers two means by which the risk associated with mailing a petition to this Court can be easily and inexpensively overcome. As pertinent herein, the regulation provides as follows: If the document is sent by United States registered mail, the date of registration of the document shall be treated as the postmark date. If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. * * *
Finally, while petitioners cannot pursue their case in this Court, they are not without a judicial remedy. In this regard, they may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. McCormick v. Commissioner, 55 T.C. 138, 142 (1970). *534 Consistent with the foregoing, petitioners cannot avail themselves of the relief provided in section 7502. Because their petition was not timely filed under section 6213(a) or section 7502, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. To give effect to the foregoing, An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners' certified mail receipt (PS Form 3800) does not bear a Postal Service postmark. Petitioners' domestic return receipt reflects a United States Tax Court "received" stamp of Aug. 24, 1992.↩
3. Petitioners resided in Stuart, Florida, at the time the petition was filed.↩
4. During the summer of 1992, the West Palm Beach Post Office processed the mail posted from Jupiter, Florida.↩
5. The policy considerations have been described by the Court of Appeals for the Fifth Circuit as follows: Recognizing the potential for mischief The legislative history of 26 U.S.C. § 7502 contains this observation: "Since it is possible to predate [and postdate] postmarks where mailing machines or other devices are used, subsection (b) [of sec. 7502] provides that a postmark not made by the United States post office shall be deemed the date of delivery only to the extent permitted by regulations." H.R.Rep. No. 1337, 83rd Cong., 2d Sess., reprinted in 1954 U.S. Code Cong. & Admin. News, 4017, 4621, 5266. [Rotenberry v. Commissioner, 847 F.2d 229, 230-231 (5th Cir. 1988); citation omitted.]
[2]↩ or innocent error in the setting of the date with privately metered mail, a potential either greatly attenuated or non-existent in mail postmarked by the postal service, * * * Congress permitted their use, but only pursuant to protective regulations.
6. The present case is appealable to the Court of Appeals for the 11th Circuit. Because that court would not be bound by Rotenberry v. Commissioner, supra, neither are we. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981); Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. on other issues 445 F.2d 985↩ (10th Cir. 1971).