T.C. Memo. 1999-316


UNITED STATES TAX COURT


JANINE MIDORI FUJIOKA AND DAVID MIURA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 105-99.                    Filed September 24, 1999.


Janine Midori Fujioka, pro se.

<u>Paul R. Zamolo</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioners' Federal income tax in the amount of $2,976 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $595 for the taxable year 1995.

Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that this case should be dismissed on the ground that the petition was not filed within the 90-day period prescribed by section 6213(a).

The facts have been fully stipulated, and the stipulation of facts and the attached exhibits are incorporated by this reference. Petitioners resided in San Francisco, California, when they filed their petition.

On January 23, 1998, respondent sent by certified mail a notice of deficiency to the petitioners' last known address at 867 45th Avenue, San Francisco, California. The 90-day period for timely filing a petition with this Court expired on Thursday, April 23, 1998, which date was not a legal holiday in the District of Columbia.

On April 23, 1998, petitioner wife delivered an envelope containing the Tax Court petition to the Mail Pouch, a private delivery service located in San Francisco, California. Petitioner wife was informed by a clerk at the Mail Pouch that the postage she had applied to the envelope was insufficient and that an additional 55 cents of postage was required. Petitioner wife paid the additional postage, and the Mail Pouch employee affixed a private postmark, dated April 23, 1998, in the amount of 55 cents to the envelope. Petitioner wife made a photocopy of

the envelope containing the petition before she gave the envelope to the Mail Pouch employee.

This Court received and filed the petition on January 4, 1999, which date is 346 days after the mailing of the notice of deficiency. The copy of the petition received by the Court bears a U.S. Postal Service postmark dated December 30, 1998, which date is 341 days after the mailing of the notice of deficiency. The U.S Postal Service postmark also indicates that the envelope containing the petition was postmarked in Chicago, Illinois.

For an action to be maintained in this Court there must be a valid notice of deficiency and a timely filed petition. See Correia v. Commissioner, 58 F.3d 468 (9th Cir. 1995) per curiam, affg. an order of this Court; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Lindemood v. Commissioner, T.C. Memo. 1975-195, affd. 566 F.2d 646 (9th Cir. 1977). In general, a petition must be filed with the Tax Court within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States. See sec. 6213(a). If the petition is not filed within 90 days, it is untimely, and we have no jurisdiction to redetermine the deficiency. See id. Section 7502(a) provides an exception to the rule of section 6213(a) in that, if the petition is deposited in the mail in the United States in a properly addressed envelope

on or before the date on which it is required to be filed, and if the date of the United States postmark on the envelope containing the petition is on or before the date on which the petition is required to be filed, the date of such postmark is deemed to be the date of filing. Rules concerning the application of this exception where the mailing is through a private designated delivery service are set forth in section 7502(f).[1]

In this case, the petition was received by this Court on January 4, 1999, which date is beyond the 90-day period for filing a timely petition with this Court. Petitioners contend that the private postmark affixed by the Mail Pouch demonstrates that they timely mailed the petition on April 23, 1998, and therefore are deemed to have timely filed the petition under section 7502.

In the case of postmarks not made by the U.S. Postal Service or by a designated delivery service, section 7502 is applicable only if and to the extent provided by regulations prescribed by the Secretary. See sec. 7502(b). The regulations provide that

---

[1] We also note that sec. 7502(f)(1) provides that "any reference in this section to a postmark by the United States Postal Service shall be treated as including a reference to any date recorded or marked * * * by any designated delivery service." The term "designated delivery service" means any delivery service provided by a trade or business if such service is designated by the Secretary. Sec. 7502(f)(2). However, the private service used by petitioners has not been designated by the Secretary as a "designated delivery service". See I.R.S. Notice 97-50, 1997-2 C.B. 305; Notice 98-47, 1998-37 IRB 8.

privately metered mail showing a date within the 90-day period is considered timely filed if it is received within the normal delivery time for mail postmarked by the U.S. Postal Service. See Lindemood v. Commissioner, supra; sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. The petition was received by this Court 256 days after the date shown on the private postmark. The normal delivery time for first-class mail between San Francisco, California, and Washington, D.C. is approximately 3 days. See Lindemood v. Commissioner, supra. Since the petition was not delivered within the normal delivery time for mail postmarked by the U.S. Postal Service, petitioners are not entitled to relief under this part of the regulation unless they establish: (1) The actual date of mailing and that such date was prior to the expiration of the 90-day period; (2) that the delay in delivery was attributable to delay in the transmission of mail; and (3) the cause of such delay. See id.; sec. 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs.

Petitioners have failed to provide evidence or testimony that establishes the cause for the delay in delivery. Accordingly, section 7502 does not afford petitioners any relief.

We note also that the applicable regulations, section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., state:

> If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether

the envelope was mailed in accordance with this
subdivision shall be determined solely by applying the
rule of (a) of this subdivision [requiring that the
U.S. Post Office postmark show mailing within the
prescribed period for filing the petition].

In this case, the envelope in which the petition was filed with this Court bears a stamp indicating that the envelope was mailed from Chicago, Illinois, on December 30, 1998.  That date is 341 days after the mailing of the notice of deficiency.

Accordingly, we must dismiss this case for lack of jurisdiction.

An appropriate order

dismissing this case for lack

of jurisdiction will be entered.
